Keesling *et al. v.* Doyle.

Judgment affirmed.

Filed Nov. 8, 1893.

———————◆———————

No. 799.

KEESLING ET AL. *v.* DOYLE.

INSTRUCTIONS TO JURY.—*Refusal to Give.—When not Error.—Given in Substance.*—It is not error to refuse to give an instruction which is as fully and completely covered in substance, by an instruction given.

MALICIOUS PROSECUTION.—*Probable Cause.—Malice.—Instruction to Jury.*—The court, in an action for malicious prosecution, instructed the jury that in determining the question of malice and want of probable cause, they might take into consideration certain things, all being issuable facts and proper to be considered by the jury in determining whether the prosecution was malicious and without probable cause. In this there was no error.

EVIDENCE.—*Objection, When not Well Made.*—An objection to evidence that it is irrelevant and immaterial, is unavailable, unless the evidence shows on its face that it is incompetent.

SAME.—*Malicious Prosecution.—Record of a Previous Action.—When Admissible.*—In an action for malicious prosecution, the record of a previous action is admissible in evidence, when it tends to prove or disprove malice or want of probable cause.

SAME.—*Joint Objection.—When Unavailable.*—Where offered evidence is admissible against one of two or more parties, it is not error to overrule a joint objection thereto.

SAME.—*Public Records.—Notice.*—Public records are notice to the world, and it is not necessary to prove that a person has examined a record in order to bind him with notice of its contents.

SAME.—*Conversation.—Real Estate.—Rent.*—Where the right to the possession of certain land is in litigation, a conversation had during such time, by one of the parties, as to his intention to rent the land, is inadmissible.

From the Madison Circuit Court.

*F. S. Ellison*, for appellants.
*W. A. Kittinger* and *L. M. Schwinn*, for appellee.

Ross, J.—This action was brought by the appellee, against the appellants, to recover damages for alleged malicious prosecution. There was a trial by jury and a verdict returned, assessing appellee's damages in the sum of fifty dollars, upon which, after overruling a motion by the appellants for a new trial, judgment was rendered for the appellee. But one error is assigned in this court, viz: the overruling of the appellants' motion for a new trial. Many reasons were assigned in the motion for a new trial, which we will consider as they are presented by the appellants.

It is first insisted that the court erred in refusing to give to the jury the following instructions: "Unless the evidence shows clearly that the accusers had no grounds for the proceedings in the case, only a desire to injure the accused, you would not be warranted in finding for the plaintiff." The appellee insists, not only that the instruction does not state the law correctly, but that no question is presented on this appeal concerning it, for the reason that it is not properly in the record. We deem it unnecessary, at this time, to determine either of these questions, although the latter objection seems to be well taken, because we think that the court, by its own instructions, fully explained to the jury that the appellee must prove, in order to recover, not only that the criminal prosecution was begun by the appellants through malice, but also that at the time they began such prosecution there was no probable cause for commencing the same. The instruction given by the court was as full and complete as that asked by the appellants. The

court was not bound to reinstruct upon the same branch of the case.

Instruction numbered three, of those given by the court of its own motion, is objected to by appellants, it being insisted that the court therein directs the jury that if they found certain facts to be true, they would be justified in finding that the appellants began the prosecution maliciously, and without probable cause. We can not give such a construction to the instruction. The court, by this instruction, simply told the jury that in determining the question of malice and the want of probable cause, they might take into consideration certain things, but the court does not say that the finding of any given state of facts as true, would constitute malice or want of probable cause. All of the issuable facts stated in the instruction were proper to be considered by the jury, in determining whether or not such prosecution was malicious and without probable cause.

Other instructions are assailed, but we find no error in them. In fact, the court, construing all of the instructions together, seems to have stated the law clearly and sufficiently.

It is next insisted that the court below erred in admitting in evidence the complaint, amended complaint, and judgment rendered in an action brought by Isabelle Doyle and the appellant James Doyle against the appellee, in ejectment. The only objection made by the appellants to the introduction of this evidence was that it was irrelevant and immaterial. Such an objection is too general, unless the evidence, on its face, shows that it is incompetent. *Heap* v. *Parrish*, 104 Ind. 36; *McCullough* v. *Davis*, 108 Ind. 292.

The evidence was clearly competent as tending to show not only the right of the appellee to the possession of the land out of which arose the prosecution for which dam-

ages are asked in this action, but also to show malice and want of probable cause on the part of the appellant James Doyle in the prosecution. If, as counsel insists, the evidence was not admissible against one of the appellants, he should have objected separately to its introduction, for a joint objection by him with his codefendant as against whom the evidence was admissible, raises no question upon which he can predicate error. If the evidence was admissible for any purpose against either of the appellants, the overruling of a joint objection thereto is not error. It is true that the appellant Keesling was not a party to the action in ejectment, yet he was bound to take notice of it, for the reason that he acquired his rights, if any he had, to the possession of the property through said James and Isabelle Doyle. Public records are notice to the world, and it is not necessary to prove that a man has examined a record in order to bind him with notice of its contents. If the record is one which it was his duty to take notice of, he will be presumed to know its contents. The judgment of a court of record is such that every person is bound to know its contents when dealing with those against whom such judgments had been rendered.

It is also urged that the court erred in refusing to admit evidence of a certain conversation between the appellee and the appellant James Doyle, had in 1890, concerning the intention of the appellee to rent the farm of said James and Isabelle Doyle for another year. This evidence was clearly incompetent, for the right to possession of the farm was in litigation when the prosecution was commenced, and was afterwards determined in favor of the appellee. It is clear, therefore, that this evidence could be introduced for no purpose other than to show a right of possession to the property in the appellant Keesling, which, in effect, would be to impeach that

judgment. The cases cited by appellants have no application in this case, for the reason that the right of the appellee to the possession of the property had been adjudicated under a claim of right superior to any claim of appellant Keesling; both parties claiming the right of possession through the same source. The evidence of the appellant Keesling shows that he was conversant with the claims of the appellee prior to the filing of the affidavit charging him with the supposed trespass, and that he knew that if the appellant James Doyle was defeated in his action in ejectment then pending against the appellee, he, Keesling, had no right to possession. All of counsel's argument that appellant Keesling was innocent of malice and begun the prosecution in good faith, is not sustained by the verdict of the jury. The jury, after hearing all the evidence, by which it clearly appears that the appellants were acting together, and that appellant Keesling knew of appellee's rights and claims, found that the prosecution was maliciously begun and without probable cause.

The evidence is sufficient to sustain the verdict.

Judgment affirmed.

Filed Nov. 3, 1893; petition for a rehearing overruled Nov. 24, 1893.