## STEINBARGER v. STATE OF INDIANA.

[No. 26,913. Filed April 27, 1938.]

*T. Ernest Maholm,* for appellant.

*Omer S. Jackson,* Attorney-General, and *James K. Northam,* Deputy Attorney-General, for the State.

SHAKE, J.—Appellant was found guilty of robbery by a jury in the court below in its April, 1936, term. He subsequently filed a petition for a writ of error *coram nobis.* The state denied the petition and a hearing was had, resulting in a finding against the appellant. This appeal follows.

The evidence was stipulated and consisted exclusively of the official records of the court below. From the stipulation it appears that the jury commissioners who drew a part of the jury that tried appellant were appointed at a prior term of the court, and that in qualifying, or attempting to qualify, they each took and subscribed to the following oath: "I do solemnly swear that I will honestly and without fear or prejudice, perform my duties as Jury Commissioner during my term of office; that in selecting persons to be drawn as jurors, I will select none but persons whom I believe to be of good repute for honesty and intelligence; that I will select none whom I have been requested to select; that in all selections I will endeavor to secure only the impartial administration of Justice, so help me God." This

oath was in conformity with §4-3301 Burns' Ann. St. 1933, §1266 Baldwin's Ind. St. 1934.

Appellant contends that the jury commissioners were not legally qualified to act because they did not, before entering upon their duties, take an oath to support the Constitution of the United States and the Constitution of the State of Indiana, as required by Article 6 of the Federal Constitution; Article 15 of the Constitution of Indiana; §§ 10-3708 and 49-101 Burns 1933 (§§2660 and 13054 Baldwin's Ind. St. 1934).

The writ of error *coram nobis* is tested by the rules applicable to a motion for a new trial for newly discovered evidence. *Stephenson* v. *State* (1933), 205 Ind. 141, 179 N. E. 633, 186 N. E. 293; *Hicks* v. *State* (1938), 213 Ind. 277, 12 N. E. (2d) 501.

There are several reasons why appellant can not prevail in this proceeding. The jury commissioners with whom we are here concerned were *de facto* officers if they were not officers *de jure. State* v. *Sutherlin* (1905), 165 Ind. 339, 75 N. E. 642; *Randolph* v. *State* (1928), 200 Ind. 210, 162 N. E. 656. Under these circumstances, their authority to act was not subject to collateral attack. *Parker* v. *State* (1893), 133 Ind. 178, 32 N. E. 836, 33 N. E. 119, 18 L. R. A. 567; *State* v. *Crowe* (1898), 150 Ind. 455, 50 N. E. 471.

It appears from the evidence before us that the appointment of the jury commissioners and their method of qualifying as such, including the nature of the oath they took, were matters of public record in the proceedings of the court below at the time appellant entered upon the trial upon the merits. He must therefore be charged with having had knowledge of these facts at the time of the trial. The record conclusively disputes his claim that he did not know these facts and could not have discovered them in the exercise of diligence. *Backer* v. *Pyne* (1892), 130 Ind. 288,

30 N. E. 21, 30 Am. St. Rep. 231; *Keesling* v. *Doyle* (1893), 8 Ind. App. 43, 35 N. E. 126.

Finally, it has been settled by this court that the proper method of saving questions of the character here presented is by timely plea in abatement. *State* v. *Jackson* (1918), 187 Ind. 694, 121 N. E. 114; *Bottorff* v. *State* (1927), 199 Ind. 540, 156 N. E. 155.

The court below did not err in denying appellant's petition for a writ of error *coram nobis*.

Judgment affirmed.