## VICKERY v. STATE OF INDIANA

[No. 28,883. Filed June 2, 1952.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *William T. McClain* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

DRAPER, J.—The appellant and four co-defendants were charged, by way of affidavit filed in the Vanderburg Circuit Court, with the offense of forgery. The appellant entered a plea of not guilty but later appeared in person and by counsel and withdrew his plea of not guilty, and entered a plea of guilty as charged. He was found guilty on his plea of guilty and it was adjudged that he pay a fine of $200, be imprisoned for not less than two nor more than fourteen years, and that he pay costs. The court further found that "by reason of the character of said defendant, and the facts and circumstances surrounding the commission of said crime, the interest of society does not demand or require that the defendant shall suffer the penalty imposed by law if he shall hereafter behave well." The execution of the

prison sentence was thereupon suspended during the appellant's good behavior and upon condition that restitution be made within thirty days, and he was released on probation.

Thereafter, and within two years after the entry of said judgment, the state filed written motion to revoke said suspension of sentence. Said petition alleged that on the 23rd day of March 1945 the appellant committed second degree burglary; on the 27th day of March 1945 he committed robbery; and on the 10th day of April 1945 he committed another robbery.[1] On the 16th day of May 1951 he appeared in person and by counsel and the order suspending sentence was revoked and set aside by the court.

On November 17, 1951, appellant filed his verified application for writ of error coram nobis, to which the state addressed a demurrer, which was sustained. He refused to plead further, judgment was entered denying the writ, and this appeal was taken.

The petition alleges, among other things, that the appellant had a meritorious defense to the charge of forgery; that the plea of guilty was obtained from him upon a false promise of immunity; and he desires to show the court that he was not guilty of said crime but entered a plea of guilty when he was unduly influenced under the guise of subterfuge of assisting the state in the prosecution of certain other co-defendants named in the affidavit. He alleges that he fully complied with the order of restitution as ordered by the court, and that the plea of guilty was entered "over the protest and against the better judgment of petitioner herein, but upon the distinct understanding, that said action was for

---

[1] The record shows that the appellant was found guilty of armed robbery on May 27, 1945, and was sentenced to imprisonment for ten years.

the purpose of assisting the state in the prosecution of co-defendants, and in influencing the other defendants to plead guilty, and that while a suspended sentence would be rendered, same would be suspended on condition that restitution would be made within thirty days, and that petitioner herein would be granted immunity for having assisted the state of Indiana by said plea." It is upon the above allegations that appellant rests his case in this court.

By demurring to the petition the state admitted the truth of all facts well pleaded in the petition. *State ex rel.* v. *Ayres* (1940), 217 Ind. 179, 26 N. E. 2d 1002; *Lobaugh* v. *State* (1948), 226 Ind. 548, 82 N. E. 2d 247.

This court has held that the evidence by which the facts alleged in a writ of error coram nobis can be proven must be set out in the petition. *Stephenson* v. *State* (1933), 205 Ind. 141, 179 N. E. 633, 186 N. E. 293. The petition here is deficient in that respect. It does not allege who made such representations, or when or where they were made. It does not allege to whom or when the appellant "protested" or with whom any "understanding" was had. It does not allege who informed the petitioner that immunity would be extended; or who it was that influenced the appellant. It does not allege that the defendant was ignorant of the fact that the sentence could only be suspended during good behavior, nor does it allege that he would not have entered his plea of guilty if he had been informed. that it would be conditioned on his future good conduct. The appellant was represented throughout by able counsel, and we think it is common knowledge, both among lawyers and laymen, that in Indiana one of the conditions for the suspension of a sentence is that the defendant behave

well. See Burns' 1942 Replacement (1951 Supp.), §9-2209. We think the demurrer was properly sustained.

There is still another reason why, in our opinion, the petition is insufficient. It alleges that the petitioner was not guilty of the offense charged, and though he had a meritorious defense, he nevertheless changed his plea of not guilty to guilty for the purpose of influencing his co-defendants to plead guilty. If in fact the defendant was not guilty of the offense charged, his voluntary act of entering a false plea of guilty and making "restitution" could only have been for the purpose of misleading and deceiving the other defendants, and inducing them to waive whatever defense they might have had to the crime charged against them. If appellant were in fact innocent, such conduct on his part constituted a fraud on his co-defendants and on the court. The writ of error coram nobis should not be granted to relieve one from a predicament in which he finds himself as the result of his own dishonest and fraudulent conduct. *People* v. *Black* (1928), 89 Cal. App. 219, 264 Pac. 343.

Judgment affirmed.

NOTE.—Reported in 106 N. E. 2d 223.