DOWLING AND STREEVAL *v.* STATE OF INDIANA.

[No. 29,043.   Filed April 21, 1954.   Rehearing denied June 16, 1954.]

*James C. Cooper,* Public Defender, and *Richard M. Givan* and *Perry W. Cross,* Deputy Public Defenders, for appellants.

*Edwin K. Steers,* Attorney General, and *Frank E. Spencer,* Deputy Attorney General, for appellee.

BOBBITT, J.—On February 27, 1950, appellants were indicted for robbery. On March 10, 1950, a motion to quash the indictment was filed; and this motion was overruled on March 15, 1950, at which time appellants were arraigned and plead not guilty.

Subsequently a motion for change of judge was filed and granted, and the special judge qualified on December 13, 1950.

On. January 22, 1951 appellants appeared in person and by counsel and withdrew their pleas of not guilty

and entered pleas of guilty. The matter was then taken under advisement for investigation by the probation officer.

On February 9, 1951 appellants were sentenced to the Indiana Reformatory for a period of not less than ten, nor more than twenty-five years, and disfranchised for a period of ten years, and by agreement of the state and attorneys for appellants they were ordered held in the Marion County jail, until further order of the court.

On March 8, 1951 appellants filed a motion to withdraw their former pleas of guilty and substitute therefor pleas of not guilty, basing their motion on the following grounds:

1. That they are not guilty of the crime as charged.
2. That they have a good and meritorious defense to said criminal charge and they are desirous of presenting the same.

This motion was heard on March 22, 1951. It was overruled and the sheriff ordered to deliver the defendants-appellants to the Indiana Reformatory. No appeal was taken from the order overruling this motion.

On July 3, 1952 the public defender of Indiana appeared on behalf of appellants and filed petition for writ of error *coram nobis*. From an order denying such petition, this appeal is prosecuted.

*First:* A copy of the petition for the writ does not appear in the record. However, from a statement of the issues in appellants' brief, it appears that the sole ground for the relief alleged in the petition is that their pleas of guilty were not rendered knowingly, freely and understandingly, because they relied upon the advice and representation of their attorneys that the judge had agreed to give them a suspended sentence if they would plead guilty.

The relief sought in the action herein is identical with that asked in appellants' motion to withdraw their pleas of guilty and substitute therefor their pleas of not guilty.

The question of appellants being permitted to withdraw their pleas of guilty and substitute therefor pleas of not guilty was determined adversely to them in the ruling on their motion to withdraw their pleas of guilty, filed on March 8, 1951.

The facts alleged in the petition for the writ of error *coram nobis* were known to both appellants and their attorneys at the time of the filing of the motion on March 8, 1951, and were proper grounds in support of said motion.

The question presented by the petition for the writ might properly and should have been raised by the motion to withdraw their pleas of guilty. From an adverse ruling on this motion appellants could have appealed. *Adams* v. *State* (1951), 230 Ind. 53, 59, 101 N. E. 2d 424.

Since no appeal was taken from the overruling of their motions to withdraw their pleas, appellants may not now recapture that right of appeal by resorting to the writ of error *coram nobis* to accomplish the same result as might have been reached by an appeal from the order of March 22, 1951.

A writ of error *coram nobis* cannot be used as a substitute for an appeal. *Obie* v. *State* (1952), 231 Ind. 142, 145, 106 N. E. 2d 452; *Quinn* v. *State* (1936), 209 Ind. 316, 198 N. E. 70; *Sanders* v. *State* (1882), 85 Ind. 318.

*Second:*

"The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication, made while some fact

existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court." *Sanders* v. *State* (1882), 85 Ind. 318, 326, *supra*.

Matters which were known to appellants at the time of the hearing on their motion to withdraw their pleas of guilty and might at that time have been submitted to the trial court and adjudicated, cannot now be presented to this court by a writ of error *coram nobis*. *Berry* v. *State* (1930), 202 Ind. 294, 303, 165 N. E. 61, 173 N. E. 705, 72 A. L. R. 1177; *Steinbarger* v. *State* (1938), 214 Ind. 36, 14 N. E. 2d 533.

It is essential, in order to maintain the writ, that the mistake of fact relied upon by appellants herein was unknown to them at the time of the hearing on their motion to withdraw their pleas, and that it was through no negligence or fault of theirs that such fact was not presented to the trial court at that time. Ewbank's Criminal Law, 2d Ed., §821, p. 628; 31 Am. Jur., Judgments, §806, p. 325. See also *Vickery* v. *State* (1952), 230 Ind. 662, 106 N. E. 2d 223.

Appellants were not permitted to conceal a fact known to them, which, if divulged, would be to their benefit, and gamble upon the court granting their motion on other facts and then, being disappointed with the ruling of the court, subsequently ask the same court in a petition for writ of error *coram nobis* to consider the omitted fact, which was known to them at the time of the former hearing, and thus relieve them of their own intentional or negligent act.

If the alleged fact, upon which appellants' petition for the writ is based, had been submitted to the trial

court in the motion to withdraw their pleas of guilty, the court would then have considered the alleged violations of appellants' constitutional rights and, if dissatisfied with the ruling of the court thereon, appellants would then have had their remedy by appeal to this court. Defendants may not divulge known facts piecemeal. Defendants-appellants herein cannot advance one set of facts in support of their motion to withdraw pleas of guilty and, when disappointed in the result of that effort, bring forward another fact which was known to them at the time of the filing of the first proceedings, in support of a subsequent proceeding in an effort to obtain the same relief.

*Third:* No question is here raised concerning the competency of appellants' counsel. It will be presumed that they discharged their full duty, and this presumption will prevail until overcome by strong and convincing proof. *Schmittler* v. *State* (1950), 228 Ind. 450, 467, 93 N. E. 2d 184.

Appellants assert that they were, by following the advice of their attorneys in entering pleas of guilty, deprived of their right to trial by jury as guaranteed by Section 13, Article 1 of the Constitution of Indiana. Referring to the rights guaranteed by said Section 13, Article 1, this court, in *Irwin* v. *State* (1942), 220 Ind. 228, 41 N. E. 2d 809, at p. 238 of 220 Ind., said:

"These constitutional rights may be waived, but the waiver must be made freely and understandingly, and unless they are so waived there is error in the proceeding. Where a defendant is represented by competent counsel, a failure to assert or claim constitutional rights is treated as a waiver, but where a defendant is not represented by counsel, the mere failure to assert or insist upon a constitutional right is not of itself sufficient to establish a waiver."

Under the circumstances in this case, appellants' failure to assert their constitutional rights in their motion to withdraw their pleas of guilty amounts to a waiver of such rights. *Irwin* v. *State* (1942), 220 Ind. 228, 41 N. E. 2d 809, *supra; Reynolds* v. *Dowd* (1953), 232 Ind. 593, 114 N. E. 2d 640, 641; *Shoemaker* v. *Dowd* (1953), 232 Ind. 602, 115 N. E. 2d 443, 447. Cf: *Obie* v. *State* (1952), 231 Ind. 142, 106 N. E. 2d 452, *supra.*

Since the only fact on which the petition for writ of error *coram nobis* rests was known to appellants at the time of the filing of their motion to withdraw their pleas of guilty, and since they have failed to show that it was through no fault or negligence on their part that such fact was not at that time presented to the trial court, any rights accruing by reason of such fact were waived. For the foregoing reasons the judgment of the trial court was not contrary to law and should be affirmed.

Judgment affirmed.

Gilkison, J., not participating.

Draper, C. J., Emmert and Flanagan, JJ., concur.

NOTE.—Reported in 118 N. E. 2d 801.