**Phillip E. BEEKS, Sr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 35A04–0412–CR–664.

Court of Appeals of Indiana.

Dec. 30, 2005.

Transfer Denied March 9, 2006.

Kimberly A. Jackson, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Following a jury trial, Appellant, Phillip E. Beeks, Sr., was convicted of one count of Theft as a Class D felony[1] and was determined to be an habitual offender.[2] Upon appeal, Beeks presents three issues: (1) whether the trial court erred in rejecting his plea of guilty to the charged crime of Conversion; (2) whether the evidence is sufficient to support Beeks's conviction for Theft; and (3) whether the trial court erred in admitting certain evidence during the habitual offender phase of the trial.

We affirm.

The facts most favorable to the jury's verdict reveal that late on the night of March 5, 2004, Paul Fox was at a bar in Huntington, Indiana when he noticed someone moving around inside a storage area behind the bar. The door to the

---

1. Ind.Code § 35–43–4–2(a) (Burns Code Ed. Repl.2004).

2. Ind.Code § 35–50–2–8 (Burns Code Ed. Repl.2004).

storage area had a sign which read, "Authorized personnel only." Tr. at 129. Mary Wooley, who was tending the bar, recognized Beeks as he left the storage area and went into the restroom. Mr. Fox noticed that as Beeks left the storage area, he was trying to conceal a brown object. Mr. Fox followed Beeks into the restroom and found Beeks in a stall with the stall door closed. Mr. Fox asked Beeks what he had in his hand, to which Beeks responded, "Nothing." Tr. at 109, 112. Mr. Fox then asked Beeks if he could see what he had, and Beeks replied, "When I'm done." Tr. at 109. Ms. Wooley, after seeing that her purse was missing from the storage area where she had left it, came into the restroom and demanded that Beeks return the purse. Beeks stated, "Okay," and slid the purse under the stall door. Tr. at 110. Beeks left the bar shortly thereafter.

■ On March 16, 2004, the State charged Beeks with one count of theft, a Class D felony, and one count of conversion, a misdemeanor. At an initial hearing held on April 7, 2004, Beeks asked whether he was allowed to plead guilty to the felony charge. The trial court informed him, "You can plead guilty to the felony. You can't plead guilty to the misdemeanor unless the State would allow it.... [T]he misdemeanor is a lesser included offense of the felony. You can't be convicted of both of them."[3] Tr. at 13. Beeks then requested an attorney, and the court appointed a public defender to represent Beeks. On April 13, 2004, Beeks, now represented by counsel, informed the trial court that he wished to plead guilty to the misdemeanor conversion charge. The

State immediately objected, correctly predicting that Beeks, if allowed to plead guilty to the misdemeanor conversion charge, would argue that double jeopardy principles prevented trial and conviction upon the remaining felony theft charge. Beeks claimed he had an "absolute right" to plead guilty. Tr. at 27. The State eventually moved to dismiss the misdemeanor conversion charge. After further argument by the parties, the trial court eventually stated that it was taking the matter under advisement. On April 20, 2004, the trial court rejected Beeks's plea. On July 22, 2004, the State filed a charging information alleging that Beeks was an habitual offender.

A jury trial was held on September 16, 2004, at the conclusion of which the jury found Beeks guilty of theft as a Class D felony. After the jury's verdict, the trial court proceeded to the habitual offender phase of the trial. The jury found Beeks to be an habitual offender. Subsequently, on September 28, 2004, the trial court sentenced Beeks to three years incarceration and enhanced that sentence by four and one-half years as a result of the habitual offender determination. Beeks filed a notice of appeal on October 22, 2004.

■ Beeks's first argument upon appeal is that the trial court erred in denying him the opportunity to plead guilty to the charge of misdemeanor conversion. Beeks correctly notes upon appeal that a criminal defendant has no absolute right to have a guilty plea accepted, and a trial court may reject a plea in the exercise of sound judicial discretion. *See Beech v. State,* 702 N.E.2d 1132, 1136 (Ind.Ct.App.1998); *Snyder v. State,* 500 N.E.2d 154, 157 (Ind.

---

**3.** For all intents and purposes the offenses of theft and conversion are "one and the same." *Irvin v. State,* 501 N.E.2d 1139 (Ind.Ct.App. 1986). But see *Aschliman v. State,* 589 N.E.2d 1160 (Ind.1992), holding that defendant was entitled to an instruction on conversion as a lesser included offense of theft. The holding was premised upon a perceived difference with respect to the issue of intent.

1986); *Meadows v. State*, 428 N.E.2d 1232, 1235 (Ind.1981). Indeed, a trial court has discretion in deciding whether to accept a guilty plea, and we will reverse the trial court's decision only when it has abused that discretion. *Webster v. State*, 708 N.E.2d 610, 613 (Ind.Ct.App.1999), *trans. denied.*

The outcome of the present case is controlled by the opinion in *State v. Boze*, 482 N.E.2d 276 (Ind.Ct.App.1985), *trans. denied.* In that case, the defendant Boze attacked a police officer with a knife and was subsequently charged with both battery and attempted murder. Just before trial, Boze requested that he be allowed to change his plea on the battery charge to guilty. Although he told the court that he intended to stand trial on the attempted murder charge, immediately after the court accepted his plea of guilty, Boze moved to dismiss the remaining attempted murder charge upon double jeopardy grounds. The trial court dismissed the attempted murder charge, and the State appealed. Upon appeal, the Third District of this court observed that "the tactic tried by [Boze's] counsel has not been looked upon favorably by the United States Supreme Court or the Indiana Supreme Court. We do not like it either." 482 N.E.2d at 278 (footnote omitted). The court concluded with the following statement:

"Today's decision should make it clear [that] the State has the power to charge more than one count and pursue all counts in a single trial. If a defendant wishes to dispose of one of the charges by pleading guilty, he may do so, but he cannot use his plea over the State's objection to divest the State of the power to fully prosecute or to determine which charges will, or will not, be pursued." *Id.* at 279.

The *Boze* court reversed the trial court's dismissal and remanded the cause for proceedings upon the charge of attempted murder. *Id.*

Upon remand, Boze was convicted of attempted murder and again appealed, this time directly to the Indiana Supreme Court. *See Boze v. State*, 514 N.E.2d 275 (Ind.1987). Boze again claimed that his prosecution for attempted murder should have been barred because he had pleaded guilty to the lesser-included offense of battery. Our Supreme Court noted that this was the same argument rejected by the Court of Appeals in Boze's earlier appeal. 514 N.E.2d at 277. The court then stated that "[w]here the defendant has an active hand in arranging the disposition of causes so he might benefit from the results, he waives any double jeopardy claims." *Id.* (citing *Lutes v. State*, 272 Ind. 699, 702, 401 N.E.2d 671, 673 (1980)). The court also noted that the United States Supreme Court had held that "no interest of a defendant protected by the Double Jeopardy Clause is implicated by continuing prosecution of the remaining charges, such as Boze faced here." *Id.* (citing *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984)). The court concluded that the Court of Appeals was "correct in holding that Boze could be prosecuted on the attempted murder charge." [4] *Id.*

Here, Beeks attempts to distinguish the *Boze* cases by arguing that they do not preclude a defendant from entering a plea of guilty to one of multiple counts but instead address what may happen to the remaining charges after a plea is accepted.

---

**4.** After the opinion of our Supreme Court had been issued, Boze filed a petition for habeas corpus, which the District Court denied. In an unpublished decision, the Seventh Circuit Court of Appeals affirmed, concluding yet again that Boze's double jeopardy claim had no merit. *See Boze v. Broglin*, 1991 WL 65425 (7th Cir. April 23, 1991).

We agree with the State that this is a distinction without much difference. First, we emphasize that Beeks had no right to enter a plea of guilty. *See Beech,* 702 N.E.2d at 1136; *Snyder,* 500 N.E.2d at 157; *Meadows,* 428 N.E.2d at 1235. We do not see how Beeks is helped by the fact that even if the trial court had accepted his plea, the State could have, pursuant to the *Boze* cases, proceeded to trial upon the remaining charge of theft. Instead of the trial court accepting Beeks's guilty plea and proceeding to trial upon the theft charge, which is explicitly permissible under the *Boze* cases, the trial court rejected Beeks's guilty plea and proceeded to trial upon the theft charge, and Beeks was convicted of theft. Suffice it to say that Beeks has not convinced us that the trial court erred in rejecting his plea of guilty to conversion.[5]

■ Beeks also contends that the evidence is insufficient to support his conviction for theft. To convict Beeks of theft, the State had to prove that Beeks (1) knowingly or intentionally (2) exerted unauthorized control over the property of another person, specifically Ms. Wooley's purse, (3) with the intent to deprive Ms. Wooley of any part of the property's value or use. *See* I.C. § 35–43–4–2(a). Beeks specifically claims that the State failed to prove that he had the intent to deprive Ms. Wooley of any part of the value of her purse. Beeks makes various sub-arguments in this regard such as claiming that there was no evidence that Ms. Wooley suffered any "loss," that there was no evidence regarding the contents of the purse, and that Beeks never attempted to leave the premises with the purse. These are simply invitations to reweigh the evidence, which we will not do. *Kien v. State,* 782 N.E.2d 398, 407 (Ind.Ct.App.2003), *trans. denied.* Here, the jury could reasonably conclude that by secreting the purse to the restroom stall, Beeks knowingly exerted unauthorized control over Ms. Wooley's purse with the intent to deprive her of part of the value or use thereof. The fact that he was caught and returned the purse when confronted did not require acquittal.

Here, even if we were to consider Beeks's surrender of the purse when demanded as "abandonment," this does not preclude a conviction of theft. That the jury might have reasonably concluded that Beeks's surrender of the purse negated an intent to deprive does not mean that the jury was compelled to so conclude. The evidence is sufficient to support Beeks's conviction for theft.

■ Beeks also argues that the jury's finding that he was an habitual offender should be reversed because the trial court erred in admitting certain evidence during the habitual offender phase of the trial.[6]

---

5. Indeed, one might read the *Boze* cases as holding that a conviction, via a guilty plea, of an included offense could stand alongside a subsequent conviction following a trial of the greater offense. Whether or not we agree with such a proposition, the trial court here, by refusing to accept Beeks's guilty plea, prevented such from happening.

    *But see Redman v. State,* 679 N.E.2d 927 (Ind.Ct.App.1997), *trans. denied, abrogated in part by Carter v. State,* 750 N.E.2d 778 (Ind. 2001). *Redman* was in the context of a jury conviction, rather than a guilty plea, and involved a subsequent appellate reversal of an attempted murder conviction for instructional error. The *Redman* court held that retrial of the attempted murder charge was permissible but that if a conviction ensued, a standing conviction upon aggravated battery as an included offense must be vacated.

6. The State alleged that Beeks was an habitual offender by having committed the following three crimes: (A) operating a vehicle while intoxicated as a Class D felony: committed December 16, 1990; convicted February 11, 1991; sentenced April 22, 1991; (B) possession of stolen property as a Class D felony: committed March 29, 1994; convicted June

Specifically, Beeks complains that the evidentiary materials submitted to the jury contained a reference to Beeks having previously been found to be an habitual offender and a reference to another uncharged crime. We review a trial court's decision regarding the admission of evidence only for an abuse of discretion. *Welch v. State*, 828 N.E.2d 433, 436 (Ind. Ct.App.2005).

We agree with the State that to the extent that the admission of any evidence was error, such was harmless. The reference to the uncharged crime is contained in a police incident report submitted as part of State's Exhibit 7. In describing the circumstances which led to Beeks's arrest for possession of a stolen television set, the police officer stated:

"Detective David Lloyd (ISP) and I were working on an investigation involving Robert Huss and Phillip Beeks. We received a search warrant to search Beeks' apartment .... While doing so we noted that he had an Emerson portable color television on a stand in the living room. At the time we were executing the search warrant I wasn't aware that Beeks and Huss were suspected of stealing this set." State's Exhibit 7 at 4–5.

Beeks now claims that the reference to another investigation and search warrant which were apparently unrelated to the crime of possession of the stolen television was prejudicial. Beeks also refers us to the evidentiary materials which were submitted with regard to his burglary conviction. The chronological case summary from that cause was included in the State's Exhibit and indicates that Beeks was found to be an habitual offender in that cause. Beeks claims that this too was prejudicial. We, however, fail to see how a brief allusion to another criminal investigation or a previous habitual offender determination prejudiced Beeks sufficient to require reversal. As noted by the State, neither party specifically referenced either fact during the habitual offender phase of the trial. We agree with the State's characterization of these two references as be-

13, 1994; sentenced July 11, 1994; and (C) burglary as a Class C felony: committed March 15, 1994; convicted August 24, 1995; sentenced September 18, 1995. The jury found that Beeks had been convicted of all three prior felonies and found him to be an habitual offender. Although the statute governing habitual offender determinations, I.C. § 35–50–2–8, requires only that the defendant have accumulated two prior unrelated felonies, the case law has imposed further requirements: the State must prove that the defendant committed and was sentenced for the first felony before he committed and was sentenced for the second felony, and that the sentence on the second felony precede the commission of the principal offense. *See Tunstill v. State*, 743 N.E.2d 1136, 1137 n. 2 (Ind.2001); *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993). Thus, Indiana courts have required proof showing that "commission/conviction/sentence for each of the offenses occurred seriatim." *Weatherford*, 619 N.E.2d at 917.

Here, it is apparent that the possession of stolen property conviction ("Crime B") and the burglary conviction ("Crime C") did not occur in the proper order. Indeed, at the habitual offender phase of the trial, the State admitted as much. Specifically, Crime C was committed before Crime B, but Beeks was convicted and sentenced of Crime C after he was convicted and sentenced for Crime B. Thus, Crime B and Crime C could not be used together to support Beeks's habitual offender status. However, with regard to the OWI conviction ("Crime A"), the commission/conviction/sentence sequence occurred before the commission/conviction/sentence sequence of either Crime B or Crime C. Because the jury found that Beeks committed all three crimes, and the habitual offender statute requires only that the defendant have committed two prior unrelated felonies, Crime A in conjunction with either Crime B or Crime C—but not Crime B in conjunction with Crime C—are sufficient to support the habitual offender determination.

ing "buried" amongst seventy-four pages of documentary evidence. Neither of these references detracts from the fact that there was ample evidence demonstrating that Beeks had accumulated two prior unrelated felonies in the proper order. In short, Beeks has not demonstrated that the complained-of evidence was sufficiently prejudicial to require reversal of his habitual offender determination.

In conclusion, the trial court did not err in refusing to accept Beeks's plea of guilty to the charged offense of criminal conversion, the evidence is sufficient to support Beeks's conviction of theft, and the trial court's admission of evidence at the habitual offender phase of the trial was at most harmless error.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.