## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2016, 6:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen F. Hurley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Isiaka Habimana,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 15, 2016

Court of Appeals Case No.
49A02-1603-CR-509

Appeal from the Marion Superior Court.
The Honorable Amy J. Barbar, Magistrate.
Cause No. 49G02-1505-F2-18619

**Sharpnack, Senior Judge**

# Statement of the Case

[1] Isiaka Habimana appeals his convictions of armed robbery, a Level 3 felony;[1] robbery resulting in bodily injury, a Level 3 felony;[2] and auto theft, a Level 6 felony.[3] We affirm.

# Issues

[2] Habimana raises two issues, which we restate as:

    I.    Whether there is sufficient evidence to sustain Habimana's convictions.

    II.    Whether Habimana's convictions for armed robbery and auto theft violate his constitutional protections against double jeopardy by arising from the same larceny.

# Facts and Procedural History

[3] In July 2014, Bulaiton Ndayizeye, his wife Zawadi Hatungimana, and their two children arrived in Indianapolis and settled into an apartment. Ndayizeye met Habimana through work. Ndayizeye did not speak English, but Habimana was able to translate workplace directives for him. Ndayizeye knew Habimana as "Hashim." Tr. p. 31.

[4] In late April 2015, Habimana sold a used television to Ndayizeye. In late April and early May of that year, Ndayizeye allowed Habimana and his

---

[1] Ind. Code § 35-42-5-1 (2014).

[2] Ind. Code § 35-42-5-1.

[3] Ind. Code § 35-43-4-2.5 (2014).

acquaintance, Genesis Childress, to live with him and his family for two weeks. Habimana and Childress moved out before May 9, 2015.

[5] Jarvis Taylor lived in an apartment below Ndayizeye and Hatungimana. Taylor knew Habimana and had socialized with him on several occasions. He also knew Childress as Habimana's acquaintance. Taylor was aware that Habimana had acted as a translator for "the people that stayed upstairs." *Id*. at 166.

[6] On May 9, 2015, Taylor saw Habimana, Childress, and several other men approach the apartment building. Taylor went outside and briefly chatted with Habimana before Habimana and his companions went upstairs.

[7] Meanwhile, Ndayizeye, Hatungimana, their children, and several friends were in their apartment, celebrating Ndayizeye's recent release from the hospital. Habimana, Childress, and several other men suddenly entered the apartment without permission. One of Hatungimana's friends tried to call 911, but Childress took the phone from her and threw it away. When Hatungimana protested the intruders' presence, Habimana struck her in the head with a closed fist several times. Hatungimana briefly lost consciousness as a result of Habimana hitting her. Next, Habimana pointed a knife at her. At that point, Ndayizeye jumped out of a window, ran away, and called the police.

[8] Taylor heard screaming coming from upstairs, and, when he went outside, he saw Habimana trying to keep Hatungimana from leaving her apartment. Taylor went back into his apartment to get his gun.

[9] Meanwhile, one of Habimana's companions pointed a handgun at Hatungimana and her friends. Habimana, Childress and their companions searched the apartment before leaving. They took the television set, Ndayizeye and Hatungimana's identification cards, the key to their van, and their van registration.

[10] When Taylor returned outside, he saw Habimana, Childress, and their companions come downstairs. Childress and a man drove off in a blue car, and Habimana and another man drove away in Ndayizeye and Hatungimana's van. Ndayizeye had money in the van, which he had intended to use for rent.

[11] The police were unable to immediately locate Habimana or his companions. On August 18, 2015, Officer Steven Hayth of the Indianapolis Metropolitan Police Department encountered Brandon Sams sitting in the passenger seat of a van in an apartment complex. Sams told Hayth he was not the driver and pointed to a door, indicating the driver was in there. When Hayth returned to his car and ran the van's license plate number through computer records, he learned that the van had been stolen from Ndayizeye.

[12] As Hayth returned to the van, a man who was later identified as Habimana walked out of the door to which Sams had previously pointed, and Sams told Hayth that Habimana was his companion. Hayth asked Habimana to stop, but he went back into the apartment. Hayth followed Habimana and saw him walk through the apartment and exit through a back door. Next, Hayth walked through the apartment and saw Habimana walk across a patio and through a

gate in a privacy fence before starting to run away. Hayth continued to follow and shouted at Habimana to stop. Habimana finally stopped, and Hayth took him into custody. Hayth searched the van and found Habimana's identification and Hatungimana's identification.

[13] The State charged Habimana with numerous offenses, including armed robbery, robbery resulting in bodily injury, and auto theft. The jury found him guilty of the three charges and not guilty of the other offenses. The trial court sentenced Habimana, and this appeal followed.

# Discussion and Decision

## I. Sufficiency of the Evidence

[14] Habimana claims the evidence is insufficient to sustain his convictions. The State responds that Habimana overlooks evidence favorable to the judgment. When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Jackson v. State*, 50 N.E.3d 767, 770 (Ind. 2016). We neither reassess witness credibility nor reweigh the evidence. *Id.* We will affirm unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[15] In order to obtain a conviction for armed robbery, the State was required to prove beyond a reasonable doubt that Habimana (1) knowingly or intentionally (2) took property (3) from another person or the presence of another person (4)

by using force or by threatening the use of force (5) while armed with a deadly weapon. Ind. Code § 35-42-5-1.

[16] In this case, the evidence showed that Habimana pointed a knife at Hatungimana and her friends and participated in taking her and Ndayizeye's van and money. He or his accomplices removed the van key and registration from the apartment, and he and a companion left in the van, which contained money Ndayizeye had intended to use for rent. This is sufficient evidence to sustain the conviction for armed robbery.

[17] In order to obtain a conviction for robbery resulting in bodily injury, the State was required to prove beyond a reasonable doubt that Habimana (1) knowingly or intentionally (2) took property (3) from another person or the presence of another person (4) by using force or by threatening the use of force (5) resulting in bodily injury to any person other than a defendant. Ind. Code § 35-42-5-1.

[18] Here, the evidence at trial disclosed that Habimana punched Hatungimana in the head several times when she argued with him, rendering her unconscious for a short period of time. The punches resulted in swelling on the left side of her head. After striking Hatungimana, Habimana and his companions removed property from the apartment, specifically a used television set that he had previously sold to Ndayizeye. This is sufficient evidence to sustain the conviction.

[19] In order to obtain a conviction for auto theft, the State was required to prove beyond a reasonable doubt that Habimana (1) knowingly (2) exerted

unauthorized control (3) over another person's motor vehicle (4) with the intent to deprive the person of the vehicle's value or use. Ind. Code § 35-43-4-2.5.

[20] As to this offense, the evidence at trial revealed that, after leaving the apartment, Habimana and a companion entered Ndayizeye and Hatungimana's van and drove off. When Officer Hayth found the van three months later, Sams was sitting in the passenger seat and told him the driver had gone inside a nearby apartment building. Habimana exited the apartment building but attempted to flee when Hayth called out to him. Habimana's personal property was found in the van, along with Hatungimana's identification. This is sufficient evidence from which a reasonable finder of fact could have found Habimana guilty of auto theft beyond a reasonable doubt.

[21] Habimana points to his own testimony, in which he stated he did not rob anyone on May 9. Instead, he asserted he and his friends went to the apartment to retrieve his personal property, and he only took what belonged to him without weapons or violence. He further claimed he had the van on August 18 because Childress loaned it to him, and she had told him she had Ndayizeye's permission to drive it. Habimana's arguments amount to a request to reweigh the evidence, which our standard of review forbids. *See Sutherlin v. State*, 784 N.E.2d 971, 974 (Ind. Ct. App. 2003) (Appellant's claim that he was at work when the robbery occurred was a request to reweigh the evidence).

## II. Double Jeopardy – Single Larceny Rule

[22] Habimana claims his convictions for armed robbery and auto theft violate his constitutional protections against double jeopardy. In response, the State argues the facts demonstrate that he committed distinct criminal offenses.

[23] The Fifth Amendment to the Constitution of the United States provides, in relevant part: "No person shall be subject for the same offense to be twice put in jeopardy of life or limb." The Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." Ind. Const. Art. 1, § 14.

[24] A key principle of double jeopardy is that where only one offense is committed, there can be only one judgment and one sentence. *Borum v. State*, 951 N.E.2d 619, 627 (Ind. Ct. App. 2011). This case concerns an aspect of double jeopardy known as the single larceny rule. When several articles of property are taken at the same time, from the same place, belonging to the same person or to several persons, there is only one offense. *Id.* The larceny complained of must be one single act or transaction, and the defendant must have a single intent when taking the property at issue. *Id.* The defendant bears the burden of proving his or her conviction violated a constitutional protection against double jeopardy. *Lutes v. State*, 272 Ind. 699, 702, 401 N.E.2d 671, 672-73 (Ind. 1980).

[25] In this case, the evidence indicates Habimana engaged in more than one act while committing his crimes. He or an accomplice took the van's keys and registration, along with other property, from the apartment. Once Habimana arrived at the parking lot, he and an accomplice drove off with the van, which

was a separate criminal act. *See Bivins v. State*, 642 N.E.2d 928, 945 (Ind. 1994) (the single larceny rule did not apply where defendant stole property from a motel room and then stole a car from the parking lot). He has failed to demonstrate that the single larceny rule applies to his case.

# Conclusion

[26] For the foregoing reasons, we affirm the judgment of the trial court.

[27] Affirmed.

Barnes, J., and Pyle, J., concur.