**Abe MORRIS, III, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 379S80.**

Supreme Court of Indiana.

Sept. 22, 1980.

Arnold Paul Baratz, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Abe Morris, III, was convicted after a trial by jury of confinement, Ind. Code § 35–42–3–3, criminal deviate conduct, Ind.Code § 35–42–4–2(a), rape, Ind.Code § 35–42–4–1(a), and robbery, Ind.Code § 35–42–5–1. He was sentenced to concurrent terms of twenty years for confinement, fifty years for criminal deviate conduct, fifty years for rape, and twenty years for the robbery. On appeal appellant raises the following issues:

(1) Whether the evidence was sufficient to support venue;

(2) Whether a decorative license plate was improperly admitted due to its lack of relevancy;

(3) Whether appellant was provided the effective assistance of counsel at trial.

In the early morning hours of May 12, 1978, T. Baker returned home to her apartment. Appellant followed her from the parking lot to her apartment where he forced his way inside. He grabbed her around the neck and choked her. He dragged her to his car in the parking lot and told her to get on the floor and stay down or she would be killed. He put a knife to her neck and drove a short distance where he first demanded that she remove her clothing but later demanded and received eleven dollars. She was taken back to her apartment where she gave him eighty–five dollars. While in the apartment he compelled her to remove her clothing, to put her mouth on his penis, and to have sexual intercourse with him. In the course of this encounter, he stated that he had the knife on his person. After warning her not to relate what had occurred between them he departed.

Several days later, appellant was followed by the police from the apartment complex at which T. Baker lived. He was arrested and a plate bearing the words "I love everybody, you're next" was removed from the front of his car.

### I.

■ At trial assurance must be provided that the offense charged occurred in the county of this State in which the trial is then taking place or from which it was removed at the instance of the accused. Proof that the crime occurred in the county identified in the charging instrument, or of proper venue as it is otherwise known, ordinarily serves this purpose. Proper venue must be proved by the State in the same manner as the essential elements of the crime as defined by statute, but only by a preponderance of the evidence. *Sizemore v. State*, (1979) Ind., 395 N.E.2d 783. Appellant contends that the evidence presented by the State was insufficient to prove that the offenses with which he was charged occurred in Marion County, Indiana. Appellate courts treat this claim in the same manner as other claims of insufficient evidence. Consequently in determining this question we do not weigh the evidence nor resolve questions of credibility, but look to the evidence and reasonable inferences therefrom which support the conclusion of requisite venue. The burden in this regard will be deemed satisfied if from that viewpoint there is evidence of probative value which a reasonable trier of fact could conclude preponderates in favor of the existence of that requisite venue. Circumstantial evidence is no different from other evidence for this purpose, and standing alone may be sufficient.

■ It was presented through testimony of the State's witnesses that the apartment complex at which the alleged victim resided was on the northeast side of the city at 38th and Mitthoefer. At least two State's witnesses pointed out the location of these apartments on a map. According to a police officer of the City of Indianapolis, they were located in the sector of the city which he was assigned to patrol. One witness testified that the apartment complex was located: "Very east, it is almost to the county line east", south of 38th Street, west of German Church Road, south of 38th Street, and east of Mitthoefer. Given this testimony and the reasonable inferences therefrom, we find that the evidence was sufficient to support the conclusion that the offenses charged occurred within the confines of the county in which Indianapolis, Indiana is located, namely, Marion County.

### II.

■ Appellant, when arrested, was operating his car which had characteristics and features similar to the car in which T. Baker had been transported by her assailant. The police removed a decorative plate from the front of the car. Over objection that it was not relevant and material, the State

was permitted by the trial court to introduce that plate and display it to the jury. Neither this plate nor anything similar to it was pointed out by any witnesses for the State as having graced the attacker's car at any point in time other than at the time of arrest, yet the State persuaded the trial court to admit it as proof that the car belonged to the defendant and that the statement upon it demonstrated his motive, intent and frame of mind.

The State does not elucidate to any degree upon its assertion that this plate would tend to show that the car used by the attacker, or the car being driven by appellant at the time of his arrest, belonged to him. We, therefore, find no rational basis for this assertion.

■ In *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811, we held that: "The fact that a piece of evidence makes an inference slightly more probable suffices to show its relevance." In that case we dealt with a criminal offense which had occurred at a South Bend Clark Station. On the night of that crime the accused had borrowed a car from a neighbor, and after the crime a full book of matches with a Clark Motor Oil emblem on its cover was found in that car. We concluded that that book of matches was properly admissible as making slightly more probable the inference that appellant had stopped at the South Bend Station. In the case at bar the prosecution presented evidence that appellant had attacked several women in the same apartment complex where T. Baker lived. The State argues that this decorative plate tends to make more probable the inference that appellant engaged in this series of sexual attacks. We do not agree that the display of this plate upon appellant's car with its possible sexual allusion furthers the inference suggested. However, at the same time its erroneous admission could not but be harmless error. The meaning of the statement on the plate is vague and the probability that the jury would attribute a sinister motive to one who would display it is very small. Items such as this are ordinarily designed, manufactured by business companies, and sold through retail stores. They do not reflect the words or creativity of those who display them, but rather a desire to draw attention. We find no likelihood that the display of this plate by appellant would have prejudiced and inflamed the jury against him.

### III.

Appellant next claims that his counsel at trial did not provide him with representation which was commensurate with that required by the State and Federal Constitutions. The complaint is made that counsel brought out during direct examination of appellant that he was adjudicated a delinquent for theft when fifteen years old, a judgment which could not have been used by the State for impeachment purposes, and did not prosecute a defense of alibi on his behalf.

■ During direct examination of appellant, counsel brought out a prior delinquency adjudication and a prior robbery conviction. This delinquency adjudication of appellant could not have been utilized by the trial prosecutor to discredit him as a witness. *Lineback v. State*, (1973) 260 Ind. 503, 301 N.E.2d 636. Counsel's revelation of the delinquency adjudication cannot be rationalized as can the revelation of the prior robbery conviction as a strategy to defuse or reduce the effectiveness of later cross-examination by the prosecutor. However, the theft adjudication and the robbery conviction taken together tend to establish that appellant's anti-social behavior had always been limited to stealing and had not involved gross and dangerous sexual aggressiveness as had been described by the State's witnesses. Counsel may well have concluded that the defense would be strengthened by casting appellant's wrongdoing in this light and that the benefit therefrom would outweigh the resulting harm to appellant's credibility. Deliberate choices made by counsel for some contemplated tactical or strategic reason do not establish ineffective representation even though such choice may be subject to some criticism or may turn out to be detrimental

to the client's cause. *Magley v. State, supra.* So viewed counsel's actions here do not support the claim of ineffectiveness.

Appellant argues that the failure of counsel to file an alibi notice and to present his alibi defense was a critical failure. The record of proceedings, however, reflects that both appellant and his wife were permitted under questioning to answer questions about appellant's whereabouts on the night of the offense charged. Unfortunately for the defense their testimony in this regard was not in accord. Appellant testified that he was at home, and his wife testified that she did not know where he was. In light of this testimony by appellant and his wife with regard to his whereabouts at the time of the crime and in the absence of specifications defining the impingement upon the presentation of evidence, it is not established that a limitation was imposed at the time of trial upon the right of the defense to present alibi evidence. In *Wagner v. State*, (1963) 243 Ind. 570, 188 N.E.2d 914, we said that reversal cannot be predicated "upon mere suspicion that the defendant was not efficiently defended by his attorney." In that case counsel did not file a timely notice of alibi and it was alleged that as a result two specifically identified witnesses were unable to testify, one of whom was present at the time of trial. This Court nevertheless concluded that the representation by counsel had been adequate. Cf. *Isaac v. State*, (1971) 257 Ind. 319, 274 N.E.2d 231. If the conduct of defense counsel in that case raised only a suspicion of a lack of proper defense, the conduct of counsel in this case could do no more. The presumption that counsel has prepared and executed his client's defense effectively has not been rebutted.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.