Charles **WOODS**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 284S73.

Supreme Court of Indiana.

April 23, 1986.

Robert E. Stochel, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of attempted murder, a class A felony, I.C. §§ 35–41–5–1 and 35–42–1–1. A jury tried the case. Appellant received a sentence of twenty years.

The issue presented in this appeal is whether there was sufficient evidence to support the conviction.

 In determining this issue we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657.

Here is the evidence that supports the verdict of guilty. On May 21, 1983, in the afternoon, the victim Calvin Cusic, the victim's girlfriend Donna Thomas, and one Mildred Johnson went to a park behind a church. They went there to wait for choir practice to begin. They had a six-pack of beer, and they were drinking the beer in the park. Appellant approached them, and he took a beer from them. The victim did not say anything to him at this time. Ten to fifteen minutes later, appellant returned, and he yelled "disciples," a name of a street gang. Thereafter, appellant took another beer from them. Consequently, the victim told him, "stop taking my beers ..." and "to leave." Appellant started talking jive, and he yelled "disciples" again.

Shortly after the events described above, the victim, Donna and Mildred left the park in order to go to Donna's house. They noticed appellant and Rubin Gonzalez walking behind them. The victim, Donna and Mildred crossed a street, and they stopped at a gas station. Rubin handed appellant a bat. Appellant began to yell and to swing the bat at the victim. The manager of the gas station testified that appellant said to the victim, "I'm going to kill you right now." Appellant hit the victim two times on the arm, and the victim fell to the ground. Then, appellant struck him three times on the head. The victim was in the hospital eighteen days with a blood clot in his head.

 This evidence is clearly sufficient to prove that appellant possessed the required culpability, i.e. intent to kill. Such intent is shown by the gas station manager's testimony and by the use of a heavy weapon against the victim's head. In addition, this evidence is clearly sufficient to prove that, at the same time he possessed the required culpability, appellant engaged in conduct which constituted a substantial step towards the commission of murder, i.e., the beating of the victim on the head with a bat. See I.C. §§ 35–41–5–1 and 35–42–1–1.

The attempted murder conviction is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.