**Deryl D. SWANIGAN, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 884S332.

Supreme Court of Indiana.

Nov. 5, 1986.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Deryl D. Swanigan was convicted of attempted murder, a class A felony, at the conclusion of a jury trial in

the St. Joseph Superior Court. He was sentenced to thirty-five (35) years, and on direct appeal raises the following issues:

1. amendment by the State of the charging information;

2. admission of evidence; and

3. sufficiency of the evidence.

George Ferguson, the victim, was drinking beer in Johnson Park in South Bend, Indiana, on July 7, 1983. He heard a gunshot from the vicinity of a dice game in the park, and saw Appellant and two others approach the game. Appellant told one of the players to lie down, hit him with his gun, and took something from the man. When the man tried to run, Appellant dropped to his knees, aimed, and shot him. A second gunman approached Ferguson, but Ferguson grabbed his gun. A struggle ensued, and Ferguson heard a shot fired at close range behind him, and felt a pain in his back. He immediately turned and saw Appellant behind him with his gun pointed at Ferguson. Ferguson shot Appellant in the shoulder as Appellant attempted to flee. Ferguson was taken to the hospital, where it was determined a bullet had entered his back and exited his chest. While at the hospital, Ferguson identified Appellant as the man who shot him.

**I**

Appellant originally was charged with attempted murder,

"by knowingly shooting at and against the body of George Alvin Ferguson with a handgun, resulting in [gunshot wounds] to the back of George Alvin Ferguson, which conduct constituted a substantial step toward the commission of the said crime of murder, that is knowingly killing George Alvin Ferguson by shooting at and against the body of George Alvin Ferguson with a handgun, causing him to die."

On the day of trial, the State was allowed to amend the information by adding, "with the intent to kill George Ferguson," after the initial phrase. Appellant maintains this amendment was substantive and should not have been allowed.

Appellant recognizes our holding in *Smith v. State* (1984), Ind., 465 N.E.2d 702, 705, *reh. denied* (1984), that the element of intent may be inferred in an information from the fact that murder was charged, but "disagrees" with this holding. The wording of the original information in the present case is strikingly similar to that in *Smith*. Here, the language stated Appellant was charged with attempt to commit "the crime of murder," and that he "knowingly" shot at the victim. Although the wording of the original information did not use the preferable language, it was sufficient to apprise Appellant of the nature of the charges so that he could anticipate and prepare a defense. *Id.* at 704–705. Since the original information adequately implied the element of intent, the later addition of that element can be considered only a clarification and cannot be considered prejudicial.

**II**

Appellant maintains the trial court erred in admitting State's Exhibits Nos. 2, 8, and 9, Appellant's pants, shirt, and money taken therefrom. He maintains there was an insufficient foundation laid since the police officers could not positively say they saw those exact clothes removed from Appellant.

To be admissible into evidence, an exhibit must be relevant and material. It must be shown that the exhibit is authentic and that it bears some relevance to this defendant and the transaction from which the criminal charge arises. *Golden v. State* (1985), Ind., 485 N.E.2d 51, 54–55. The trial court has discretion in the area of admission of exhibits into evidence, and need not require absolute and positive identification. *Jordan v. State* (1982), Ind., 432 N.E.2d 9, 13, *reh. denied* (1982).

In the present case, the victim testified Exhibit No. 2 looked like the shirt Appellant was wearing the night of the crime. Officer Young testified similarly.

Officer Szymczak positively identified Exhibits Nos. 2 and 8 as the pants and shirt Appellant was wearing. Finally, Officer Smith identified Exhibits Nos. 2 and 8 as the clothes Appellant was wearing, and Exhibit No. 9 as the money that was taken out of the pants pocket. This testimony created an ample foundation for admission of the exhibits. Any further argument Appellant would make goes to the weight of the evidence rather than its admissibility.

Appellant also maintains the trial court erred in admitting State's Exhibits Nos. 6 and 7, photographs of the weapon. He argues there is no evidence that the photographs were true and accurate representations of what they purported to portray.

■ The admission of photographs is within the discretion of the trial court, and reversal will occur only upon a showing of abuse of that discretion. *Smith v. State* (1986), Ind., 491 N.E.2d 193, 195. The admissibility of a photograph is dependent upon its relevancy. That is, if the photograph serves as an aid to orient the jury and help them understand the evidence, it is relevant. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214, 1225, *reh. denied* (1985), U.S. *cert. denied* (1986) — U.S. —, 106 S.Ct. 1500, 89 L.Ed.2d 900.

■ Here, a witness informed Officer Szymczak that Appellant had thrown a gun on the roof of a house. The house was secured until Officer Pletcher arrived. He took one photograph, Exhibit No. 6, of the gun, "as it was seen on the porch roof from the ladder." He then moved the gun to the edge of the roof for a clearer, close-up photograph, Exhibit No. 7. Furthermore, the gun itself was admitted into evidence without objection as Exhibit No. 13. Officer Szymczak testified the photographs fairly and accurately represented what they purported to depict. Appellant has failed to show the trial court abused its discretion in admitting the photographs. On the contrary, testimony showed the photographs to be relevant, fair, and accurate representations.

### III

Finally, Appellant contends the conviction was based on insufficient evidence because there was no direct evidence that he actually shot Ferguson, or that he had the requisite intent.

■ Where sufficiency of the evidence is raised on appeal, we do not weigh the evidence or judge the credibility of the witnesses; rather, we look to the evidence favorable to the State along with all reasonable inferences therefrom. If there is substantial evidence of probative value to support the jury's verdict, it will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Circumstantial evidence alone is sufficient to sustain a conviction. *Mellott v. State* (1986), Ind., 496 N.E.2d 396, 397.

■ Ferguson did not actually see Appellant fire the gun. However, he did testify he heard the gun shot at close range behind him, and felt a pain in his back. He immediately turned and saw Appellant standing five to eight feet away, still aiming the gun at his back. This is sufficient evidence from which the jury reasonably could infer Appellant shot Ferguson.

■ Appellant introduced testimony of a firearms expert that if the hammer of the weapon was cocked, it could fire without the trigger being touched. Appellant argues this raises the inference that the shooting was accidental and without intent. Simply because such an inference is raised does not preclude the jury from concluding the shooting was intentional. Circumstantial evidence that Appellant aimed a gun and shot one man, and then aimed the gun at and shot the victim, is sufficient to establish intent. *Davidson v. State* (1982), Ind., 442 N.E.2d 1076, 1080.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.