**Edgar E. BOZE, Appellant,**
**(Defendant below)**

v.

**STATE of Indiana, Appellee,**
**(Plaintiff below).**

No. 64S00–8610–CR–943.

Supreme Court of Indiana.

Oct. 19, 1987.

James V. Tsoutsouris, Public Defender, Porter County by: James A. Johnson, Chief Deputy, Portage, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Edgar Boze was charged with attempted murder and battery. Boze pleaded guilty to the battery charge and the attempted murder charge was dismissed. The State appealed the dismissal and the Third District Court of Appeals reversed the trial court and remanded the case for trial on the charge of attempted murder. *State v. Boze* (1985), Ind.App., 482 N.E.2d 276, *trans. denied.*

On remand, the attempted murder charge was tried before a jury. On May 9, 1986, the jury returned a verdict of guilty of attempted murder, a class A felony. The trial judge imposed the presumptive 30 year sentence. Boze directly appeals the conviction, asserting the following issues for our review:

(1) whether double jeopardy bars prosecution on the attempted murder charge;

(2) error in sentencing;

(3) admissibility of a photograph showing Boze making an obscene gesture;

(4) sufficiency of the evidence to prove the proper venue; and

(5) sufficiency of the evidence to prove intent.

On the evening of May 24, 1983, Edgar Boze was attempting to hitchhike on U.S. 20 in Porter County. Porter County Deputy Sheriff Gonzalez was dispatched to the scene where he encountered Boze. He attempted to arrest Boze for public intoxication but when he attempted to frisk Boze, Boze pulled a knife and attacked him. A struggle ensued and Boze threatened to stab the officer in the throat.

A motorist noticed the incident and stopped to aid the officer. When a state trooper later arrived, Boze ran into the woods. The trooper pursued Boze and eventually apprehended Boze after Boze attempted to stab him. Boze was combative and intoxicated and continued to struggle and threaten the officers after he was arrested. Boze was transported to the hospital where he was found to have a blood alcohol content of .28%. Deputy Gonzalez received knife wounds on his head, face, and neck, and his bullet-proof vest and his shirt were also cut.

## I.

Boze argues his prosecution for attempted murder is barred by double jeopardy because he pleaded guilty and was convicted on the lesser-included offense of battery. This is the same argument advanced by the State and expressly decided against Boze in *State v. Boze* (1985), Ind. App., 482 N.E.2d 276, 279, *trans. denied.* Where the defendant has an active hand in arranging the disposition of the causes so he might benefit from the results, he waives any double jeopardy claims. *Lutes v. State* (1980), 272 Ind. 699, 702, 401 N.E.2d 671, 673. The United States Supreme Court has provided that no interest of a defendant protected by the Double Jeopardy Clause is implicated by continuing prosecution of the remaining charges, such as Boze faced here. *Ohio v. Johnson* (1984), 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425. The Court of Appeals was correct in holding that Boze could be prosecuted on the attempted murder charge.

## II.

Boze next contends he may not be convicted and sentenced for both attempted murder and battery. Where the conviction of the greater crime cannot be had without conviction of the lesser crime, the double jeopardy clause bars separate conviction and sentencing on the lesser crime when sentencing is imposed on the greater one. *See Bean v. State* (1984), Ind., 460 N.E.2d 936, 943; *Smith v. State* (1980), Ind.App., 408 N.E.2d 614. 622. The State agrees that the battery conviction was a lesser-included offense of attempted murder. Thus, Boze may not be convicted and sentenced on both the greater and lesser offenses. *Shields v. State* (1986), Ind., 493 N.E.2d

460, 460; *Boze,* 482 N.E.2d at 279 n. 6. The cause is remanded to the trial court for a new sentencing order which specifically includes an order vacating the conviction and sentence imposed for the battery count.

### III.

Boze challenges the admission into evidence of a post-arrest photograph of him. The photograph was taken at the crime scene and shows Boze handcuffed, lying on his back, covered with mud, and making an obscene gesture toward the camera. Boze asserts the photograph prejudiced him in the eyes of the jury.

The admission of photographic evidence is within the discretion of the trial court and reversal will occur only upon a showing of abuse of discretion. *Swanigan v. State* (1986), Ind., 499 N.E.2d 732, 735; *Eddy v. State* (1986), Ind., 496 N.E.2d 24, 26. A trial court abuses its discretion only where its ruling is clearly against the logic, facts, and circumstances presented. *Eddy,* 496 N.E.2d at 26.

The admissibility of a photograph is dependent on its relevancy. If the photograph serves as an aid to orient the jury and help them understand the evidence, it is relevant. *Swanigan,* 499 N.E.2d at 735. The State asserts the photograph is relevant on the issues of intent, intoxication, and identification. Witnesses testified that after his arrest Boze remained combative and threatened to kill the officers. The photograph depicts Boze shortly after his arrest at the crime scene when he was still combative. Additionally, Boze claims he did not have the requisite intent due to intoxication. However, the photograph shows that Boze, even while handcuffed, was able to physically express his disdain to the officer photographing him. Thus, the photograph is evidence that he was not so intoxicated he did not know what he was doing. Further the photograph permits the jury to identify Boze as the person referred to in the testimony. Thus, the photograph was relevant and the trial court did not abuse its discretion in admitting the photograph into evidence.

### IV.

Boze contends the evidence was insufficient to prove the crime occurred in Porter County. The State must prove proper venue by a preponderance of the evidence. *Morris v. Sate* (1980), 274 Ind. 161, 163, 409 N.E.2d 608, 610. Circumstantial evidence alone may be sufficient to establish venue. *Currin v. State* (1986), Ind., 497 N.E.2d 1045, 1048. Moreover, the reviewing Court does not reweigh the evidence regarding venue. *Shields v. State* (1986), Ind., 490 N.E.2d 292, 295, *reh. denied,* 493 N.E.2d 460. The State's burden is satisfied so long as there is evidence of probative value from which a reasonable trier of fact could conclude by a preponderance that venue was in the proper county. *Currin,* 497 N.E.2d at 1048.

Boze asserts that none of the witnesses specifically stated the altercation occurred in Porter County. However, Dwight Bubac encountered Boze in the Furnessville area moving west along U.S. 20. Bubac notified the Sheriff's Department and Porter County Deputy Sheriff Gonzalez was then dispatched to the scene. Deputy Gonzalez also found Boze on U.S. 20 moving west near 275. Kenneth Dugan stated he was driving in Porter County when he saw Boze and Deputy Gonzalez struggling. State Trooper Gregory Good also responded to a request for assistance along U.S. 20 near 275 East in Porter County after hearing the request for assistance over the Porter County police radio. A Porter County jail van was used to transport Boze to Porter Memorial Hospital in Valparaiso. This evidence is clearly sufficient to sustain the venue element.

### V.

Boze asserts the evidence was insufficient to prove he intended to kill Officer Gonzalez because he was too intoxicated to form the intent needed in a prosecution for attempted murder. *Tata v. State* (1986), Ind., 486 N.E.2d 1025, 1027. Boze's intoxication was a question of fact for the jury. *Wagner v. State* (1985), Ind., 474 N.E.2d

476, 488. This Court does not reweigh the evidence nor judge the credibility of witnesses and will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the conviction, the finding of the trier of fact will not be disturbed. *Woods v. State* (1986), Ind., 491 N.E.2d 531, 532.

 When voluntary intoxication is offered as a defense, a defendant is generally not relieved of criminal responsibility when he was able to devise a plan, operate equipment, or perform acts requiring physical skill. *Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1088. Boze was walking on the roadway. When Deputy Gonzalez encountered Boze, he smelled alcohol on Boze's breath. Deputy Gonzalez informed Boze he was under arrest for public intoxication and Boze was at first cooperative. When Deputy Gonzalez attempted to frisk Boze, Boze swiftly turned towards the deputy, pulled out and opened a knife. Boze also said he was "going to get" the officer. He then attacked Deputy Gonzalez with the knife and a struggle ensued. Boze threatened to stab Deputy Gonzalez in the throat. A motorist who stopped to aid Deputy Gonzalez subsequently heard Boze threaten Deputy Gonzalez. When Boze saw State Trooper Good arrive, Boze fled into the woods, out-running Trooper Good and jumping over a fallen tree. Boze also tried to stab Trooper Good but the trooper was able to avoid Boze and hit Boze with his flashlight. When Trooper Good handcuffed Boze, Boze continued to struggle and threaten the officers, and while handcuffed, also made an obscene gesture to the officers.

While Boze had a blood alcohol content of .28% after his arrest and was acting irrationally, it does not necessarily follow that Boze was incapable of forming the requisite intent to kill. Boze attacked and fought with Deputy Gonzalez. He was able to arm himself swiftly and attack, before the officer could react to subdue him. Boze ran away when another officer arrived on the scene. Boze was able to turn swiftly and hurdle a fallen tree in his attempt to flee. Thus, the jury could reasonably infer that Boze's intoxication did not deprive him of the power to deliberate or to form the requisite intent. *Wagner*, 474 N.E.2d at 488; *Watkins v. State* (1984), Ind., 468 N.E.2d 1049, 1051; *Terry*, 465 N.E.2d at 1088.

 Moreover, the intent to commit murder may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death. *Lamotte v. State* (1986), Ind., 495 N.E.2d 729, 731. Boze's use of a knife to stab Deputy Gonzalez produced such an inference.

The trial court is affirmed; the cause is remanded for a new sentencing order which specifically includes an order vacating the conviction and sentencing for battery.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.