931 F.2d 895
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edgar E. BOZE, Petitioner/Appellant,
v.
G. Michael BROGLIN and Indiana Attorney General,
Respondents/Appellees.
 No. 89-2947.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1991.*
Decided April 23, 1991.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Pro se petitioner Edgar Boze appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 I. BACKGROUND
 
 2
 On May 25, 1983, Boze was charged with attempted murder and battery. The previous day, he had fought with and stabbed Officer Gonzalez, who was trying to arrest him for public intoxication. On April 30, 1984, Boze pled guilty to the battery charge and was sentenced to an eight-year prison term. His motion to dismiss the attempted murder charge was granted. The State opposed the motion and appealed the dismissal. The Indiana Court of Appeals reversed the decision of the trial court and remanded the case for a trial on the attempted murder charge. On remand, a jury found Boze guilty of attempted murder. Boze was sentenced to 30 years imprisonment. The Supreme Court of Indiana affirmed the attempted murder conviction but remanded the case with instructions to vacate the conviction and sentence on the battery count.
 
 
 3
 On February 10, 1989, Boze filed his petition pursuant to 28 U.S.C. Sec. 2254. He raised the following issues: 1) whether his conviction for attempted murder violated the Double Jeopardy Clause of the fifth amendment; 2) whether a post-arrest photograph depicting Boze handcuffed and intoxicated was properly admitted into evidence; and 3) whether sufficient evidence regarding his intent existed to support a conviction of attempted murder. These issues were addressed by the state court and are presented to this court on appeal.
 
 II. ANALYSIS
 A. Double Jeopardy
 
 4
 Boze argues that because he pled guilty to the lesser charge of battery, the state was precluded from prosecuting him for attempted murder, which arose out of the same conduct. He argues that the conviction on the attempted murder charge violated his rights under both Indiana law and under the Double Jeopardy Clause of the fifth amendment. Because the writ of habeas corpus may only issue if the petitioner is held in violation of the United States Constitution or laws, we need only address Boze's constitutional claim. Jones v. Thieret, 846 F.2d 457, 459 (7th Cir.1988).
 
 
 5
 The Double Jeopardy Clause protects against: "(1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." Hicks v. Duckworth, 922 F.2d 409, 411 (7th Cir.1991). When faced with a procedural history strikingly similar to Boze's, the Supreme Court held that "the Double Jeopardy Clause does not prohibit the State from continuing its prosecution of respondent on the [other] charges...." Ohio v. Johnson, 467 U.S. 493, 502 (1984). The Court added:
 
 
 6
 The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an 'implied acquittal' which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses.
 
 
 7
 Id. at 501-02. Here, as in Johnson, Boze attempted to resolve part of the charges against him, while the State objected to the dismissal of the greater charge without a trial and appealed the trial court's decision. See id. at 501.
 
 
 8
 Also in support of his double jeopardy argument, Boze relies on Grady v. Corbin, 110 S.Ct. 2084 (1990). Grady held that "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Id. at 2087. Grady is distinguishable because it was concerned with a separate, subsequent prosecution rather than a continuing prosecution. There the defendant had already been prosecuted for driving while intoxicated before the prosecution filed charges for homicide, and the prosecution had to prove the same facts underlying that conviction to prosecute the homicide. Such is not the case here. Consequently, Boze's double jeopardy claim has no merit.
 
 B. Admissibility of Evidence
 
 9
 The post-arrest photograph in question depicted an intoxicated Boze in handcuffs making an obscene gesture to the photographer. Boze argues that the photograph had no probative value and that its only intended effect was to prejudice the jury.
 
 
 10
 Because state evidentiary hearings are a matter of state law, a federal court may only grant a writ of habeas corpus if the state evidentiary ruling has resulted in a denial of due process. Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990). "[G]ranting a petition for habeas corpus requires more than a mere finding of prejudice." Woodruff v. Lane, 818 F.2d 1369, 1373 (7th Cir.1987). "In determining whether a writ should issue, the court must determine 'whether the probative value of the evidence outweighs the prejudice to the accused.' " Dudley v. Duckworth, 854 F.2d 967, 970 (7th Cir.1988) (quoting United States ex rel. Palmer v. DeRobertis, 738 F.2d 168, 171 (7th Cir.1984)).
 
 
 11
 At his trial and on appeal in the state courts, Boze challenged the admissibility of the photograph, albeit not in constitutional terms. The state courts found the photograph relevant to the issues of intent, intoxication, and identification. Boze v. State, 514 N.E.2d 275, 278 (Ind.1987). Moreover, the state used the photograph to counter Boze's claim that because of intoxication he lacked the requisite intent to commit attempted murder. Id. We cannot say that the prejudicial effect of the admission of the photograph greatly outweighed its highly probative value. Therefore, he has not shown that he was denied his due process right to a fundamentally fair trial.
 
 C. Sufficiency of the Evidence
 
 12
 Finally, Boze attacks the sufficiency of the evidence regarding the specific intent to kill. Boze had offered voluntary intoxication as a defense. He points out that he had a blood alcohol content of .28% after his arrest, alleging that he was incapable of forming the requisite intent to kill the police officer.
 
 
 13
 Boze carries a heavy burden in challenging a jury verdict on sufficiency grounds. United States v. Sims, 895 F.2d 326, 329 (7th Cir.1990). To obtain habeas relief, he must show that the trial record was devoid of any evidence from which "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Moreover, this court must view all of the evidence in a light most favorable to the prosecution. United States v. Fozo, 904 F.2d 1166, 1169 (7th Cir.1990).
 
 
 14
 Whether intoxication prevented Boze from forming the requisite intent was a question of fact for the jury. Wagner v. State, 474 N.E.2d 476, 488 (Ind.1985). The record shows that Boze threatened Officer Gonzalez and attacked him after pulling out and opening his knife. After a second officer arrived, Boze ran into the woods, jumping over a fallen tree. Once caught and handcuffed, Boze continued to struggle, threaten the officers, and make obscene gestures. Moreover, in Indiana, a jury may infer intent to commit murder from the deliberate use of a deadly weapon in a manner likely to cause death. Lamotte v. State, 495 N.E.2d 729, 731 (Ind.1986). Thus, a jury could reasonably infer that, despite Boze's blood alcohol content, Boze could form the requisite intent to kill Officer Gonzalez.
 
 III. CONCLUSION
 
 15
 Boze has not shown that the State violated his due process rights by denying him a fundamentally fair trial. United States ex rel. Lee v. Flannigan, 884 F.2d 945, 953 (7th Cir.1989). Accordingly, the district court's denial of the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs