Alfred NAVARETTA, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–9801–CR–76.

Court of Appeals of Indiana.

Oct. 6, 1998.

---

Dennis Driggers, Noblesville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rosemary Borek, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

KIRSCH, Judge.

Alfred Navaretta appeals his convictions for possession of a narcotic drug,[1] a Class D felony; possession of paraphernalia,[2] a Class A misdemeanor; and operating a vehicle

1. *See* IC 35–48–4–6.

2. *See* IC 35–48–4–8.3(C).

while intoxicated,[3] a Class A misdemeanor. Navaretta contends that the State failed to prove that Hamilton County was the proper venue.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On the day of the incident in question, Navaretta was driving east on 96th Street near Shelbourne Road on the northeast side of Indianapolis. Ninety-sixth Street is the dividing line between Hamilton and Marion Counties. At that time it was a two lane road, and the dividing line generally was the centerline of the road. The north or westbound lane was in Hamilton County; the south or eastbound lane was in Marion County. Hamilton County Deputy Sheriff Randall Dings, traveling west on 96th Street, observed that Navaretta's taillights were not functioning properly, made a U-turn, and followed Navaretta. Navaretta turned south on Sandpiper Drive and accelerated. After a short pursuit, Navaretta lost control of the vehicle while rounding a curve and crashed through a privacy fence. Deputy Dings approached Navaretta's vehicle and ordered him to remain seated in the vehicle and to put his hands out of the car window until additional officers arrived. Marion County police officers arrived shortly thereafter and ordered Navaretta out of the vehicle. Navaretta was arrested by Deputy Dings and charged, tried and convicted in Hamilton County.

## DISCUSSION AND DECISION

Navaretta has both a constitutional and a statutory right to be tried in the county where the crime was committed. IND. CONST., art. I, § 13; IC 35–32–2–1(a); *Weaver v. State*, 583 N.E.2d 136, 140 (Ind.1991). Proof of proper venue must be provided by the State much like an essential element of any criminal charge but only by a preponderance of the evidence. *Williams v. State*, 634 N.E.2d 849, 852 (Ind.Ct.App.1994); *Morris v. State*, 274 Ind. 161, 164, 409 N.E.2d 608, 610 (1980). Proper venue may be proved by

3. *See* IC 9–30–5–2.

circumstantial evidence. *Morris* at 164, 409 N.E.2d at 610. The sufficiency of such evidence is reviewed just like any other evidence; i.e., the jury's verdict will be upheld if there is sufficient probative evidence from which a reasonable trier of fact could conclude that the defendant was tried in the proper county. *Id.*, 409 N.E.2d at 610.

■ The only issue presented here for review is whether the State presented sufficient evidence of probative value from which the jury could have concluded that Navaretta was properly charged and tried in Hamilton County. The State asserts that the location of the commission of the criminal activity permitted the State to prosecute Navaretta in either Hamilton or Marion county. IC 35–32–2–1(h) provides:

"If an offense is committed at a place which is on or near a common boundary which is shared by two (2) or more counties and it cannot be readily determined where the offense was committed, then the trial may be had in any county sharing the common boundary."

This provision which allows concurrent jurisdiction has been held not to violate Article 1, § 13 of the Indiana Constitution which provides that a person be tried in the county where the crime was committed. *See Joyner v. State*, 678 N.E.2d 386, 390 (Ind.1997). Navaretta contends that the common boundary statute does not apply here because the dividing line could be readily determined.

Hamilton County Surveyor Kenton Ward, using an orthophographic overlay map to provide an aerial view of the area, testified that the dividing line between Hamilton and Marion counties in the vicinity where Navaretta was driving lies in a straight line primarily along the centerline of 96th Street, with a margin of error of two feet on either side because the street is not straight. At the time Navaretta was arrested for the charged offenses, 96th Street was only one lane in each direction. It is undisputed that Navaretta never crossed the centerline, and the State has produced no evidence that Navaretta was at any time within two feet of the centerline. Thus, while it is readily apparent the Navaretta was at all times within Marion County and it can be readily determined that his offenses were committed there, we can only speculate whether his car was ever in Hamilton County. The State failed to introduce any evidence that Navaretta committed any portion of his crimes in Hamilton County. Deputy Dings testified that he regularly patrolled 96th Street, that he made stops for traffic violations, that he made accident investigation reports along both sides of the street, and that he presumed that he had jurisdiction on both sides of the centerline. Deputy Dings' presumption that he had authority to arrest and charge Navaretta for activity anywhere on 96th Street is incorrect. Where, as here, it is readily apparent that an offense is committed in one county, albeit near the county line, the statute providing for concurrent jurisdiction does not apply.

We note that the State had ample opportunity to transfer this case to Marion County, undisputedly a county of proper venue. Indeed, Navaretta sought such a transfer prior to trial. The trial court denied the request, notwithstanding the provisions of IC 35–32–2–5(a) which provides:

"When it appears, at any time before verdict or finding, that the prosecution was brought in an improper county, the court shall order that all papers and proceedings be certified and transferred to a court with jurisdiction over the offense in the proper county and, when necessary, order the sheriff to deliver custody of the defendant to the sheriff of the proper county."

■ Finally, the rendering of a verdict prohibits Navaretta's retrial. *See Williams v. State*, 634 N.E.2d 849, 852 (Ind.Ct.App. 1994) (double jeopardy clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to master in the first proceeding). Navaretta's convictions are reversed.

Reversed.

STATON and ROBB, JJ., concur.