**Alfred NAVARETTA, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 29S02–0004–CR–230.

Supreme Court of Indiana.

April 3, 2000.

---

Dennis Driggers, Mary Davidsen, Noblesville, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## ON PETITION TO TRANSFER

DICKSON, Justice

The defendant, Alfred Navaretta, was convicted of possession of a narcotic drug, a class D felony,[1] possession of drug paraphernalia, a class A misdemeanor,[2] and operating while intoxicated, a class A misdemeanor.[3] In this appeal, the defendant asserts that the State failed to prove venue and that the trial court thus erred in denying his motion for judgment on the evidence and his request to transfer to the county where the offenses occurred. The Court of Appeals reversed the convictions. *Navaretta v. State*, 699 N.E.2d 1207 (Ind. Ct.App.1998). We grant the State's petition for transfer.

The defendant was tried in Hamilton County for criminal conduct committed on 96th Street, the dividing line between Marion County and Hamilton County. Just before the presentation of evidence, the defendant orally moved for dismissal alleging improper venue. At the close of the State's evidence, the defendant moved for judgment on the evidence on grounds that the State failed to prove proper venue. The defendant's sole witness was the Hamilton County Surveyor. At the close of the evidence, the defendant asked the trial court to transfer the case to the county where the crimes occurred. The trial court denied the defendant's motions. Evidence regarding venue was presented, and the jury received final instructions on the issue of venue. The issue was thus fully presented to the court and jury.

■ When a denial of a motion for judgment on the evidence is reviewed on appeal, the standard is the same as that governing the trial court: a judgment on the evidence is proper only when all or some of the issues are not supported by sufficient evidence. *Kirchoff v. Selby*, 703 N.E.2d 644, 648 (Ind.1998). A court should consider only the evidence and reasonable inferences most favorable to the non-moving party and grant the motion only if there is no substantial evidence supporting an essential issue in the case. *Id.*

■ The evidence is that the defendant was driving his automobile eastbound along West 96th Street when a Hamilton County Deputy Sheriff, driving westbound on 96th Street, observed that the headlights of the oncoming car were abnormally dim. The Deputy made a U-turn and followed the vehicle, which sped up, then made a right turn into a residential area, and soon crashed into a fence. The Deputy, finding drugs and paraphernalia, arrested the defendant, who was driving the car. The parties agree that the defendant, when first observed by the Deputy Sheriff, was traveling eastbound on the south side of the 96th Street centerline, east of Shelbourne Road, that he did not cross the centerline, but that, shortly thereafter, he turned right into Sandpiper Road, crashed his vehicle, and was arrested in Marion County. The Hamilton County Surveyor testified that the line dividing Hamilton and Marion counties at this point lies along the centerline of 96th Street, with a margin of error of two feet. At the time of the

1. Ind.Code § 35–48–4–6.

2. Ind.Code § 35–48–4–8.3(c).

3. Ind.Code § 9–30–5–2.

offense, 96th Street was a two lane street, with one lane eastbound and one westbound. The Surveyor acknowledged that it could not be determined whether a car traveling entirely in the eastbound lane on 96th Street might nevertheless extend two feet into Hamilton County. Record at 671. The Deputy Sheriff did not recall noticing the distance between the defendant's vehicle and the center line.

Criminal actions must be tried in the county where the offense was committed, unless otherwise provided by law. IND.CODE § 35-32-2-1; *Kindred v. State,* 540 N.E.2d 1161, 1167 (Ind.1989). "If an offense is committed at a place which is on or near a common boundary which is shared by two or more counties and it cannot be readily determined where the offense was committed, then the trial may be had in any county sharing the common boundary." IND.CODE § 35-32-2-1(h).

Because the record contains evidence that the southern border of Hamilton County may extend up to two feet south of the centerline of 96th Street, which had one eastbound and one westbound lane at the time, we find that substantial evidence was presented to establish that it cannot be readily determined in which county the offense was committed, thus permitting the defendant's trial to occur in Hamilton County or Marion County. The trial court did not error in denying the defendant's motion for judgment on the evidence or his request to transfer to Marion County.

Transfer is granted. The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.