**Morritz WEISS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 55A01–0003–CR–102.

Court of Appeals of Indiana.

Sept. 28, 2000.

Lorinda Meier Youngcourt, Evans & Youngcourt, P.C., Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATHIAS, Judge

Morritz Weiss brings this interlocutory appeal from the trial court's denial of his motion to transfer venue. Weiss raises the following restated issue for our review: whether the trial court properly denied his motion to transfer venue from Morgan to Monroe County.

We affirm.

### Facts and Procedural History

The facts most favorable to the trial court's venue determination reveal that on the evening of June 9, 1995, Weiss drove T.G. from Indianapolis to the Morgan–Monroe State Forest ("Forest") on Old State Road 37 in his blue 1986 Chevrolet Chevette. The Forest lies in both Morgan and Monroe County. Weiss stopped his car on a gravel road in the Forest, after which he and T.G. traveled on foot for some distance, where Weiss then allegedly raped and attempted to murder her.

That same night, Steven Pitman and Charles Myers camped with a youth group in the Forest. Pitman and Myers drove into the Forest in Morgan County and went up Rosenbaum Hill on Rosenbaum Road. There, Pitman and Myers both observed a dark blue, older car stopped on the right side of the road facing the same direction as their vehicle on the Morgan County side of the Forest. Pitman's headlights shined into the parked car and they saw a man and a woman matching the description of Weiss and T.G. inside.

Early the next morning, T.G. regained consciousness and found herself alone, naked, and injured. She stumbled through the Forest, falling down repeatedly, for what she believed to be approximately ten to fifteen minutes, until she came to a road. T.G. went left on the road because she remembered seeing houses in that direction when she had entered the Forest with Weiss the night before. At approximately 5:00 a.m., Randall Cole observed T.G. walking slowly down Catholic Cemetery Road in Morgan County and picked her up in his vehicle. T.G. estimated she had been walking down the road for five to ten minutes when Cole picked her up. Later that day, an article of clothing that T.G. had been wearing when she entered the Forest with Weiss was recovered outside the Forest in Morgan County. Other articles of T.G.'s clothing were found in the days following the alleged attack, also outside the Forest in Morgan County.

In August 1995, T.G. traveled back to the Forest with Morgan County police and identified Rosenbaum Hill in Morgan County as the place where Weiss had stopped his car in the Forest. Rosenbaum Hill is located in Morgan County, approxi-

mately 1.1 miles from the Morgan–Monroe County line.

The State charged Weiss with various crimes in Morgan County. The trial court found Weiss guilty of attempted murder and rape, but his convictions were vacated pursuant to a motion to correct error. This Court affirmed the trial court's grant of Weiss's motion to correct error in a memorandum decision. *State v. Weiss*, 55A01–9903–CR–102 (March 31, 1999).

The State then refiled the charges of attempted murder and rape against Weiss. Weiss filed a motion to transfer venue, which the trial court denied and certified for interlocutory review. We granted Weiss's petition for interlocutory appeal.

### Discussion and Decision

▮▮▮▮ Pursuant to Article I, Section 13 of the Indiana Constitution, Weiss has "a right to a public trial 'in the county in which the offense shall have been committed....'" *Wurster v. State*, 715 N.E.2d 341, 349 (Ind.1999) (quoting Ind. Const. Art. I, § 13). This right is also codified at Indiana Code § 35–32–2–1(a). However, if a crime is committed on or near a common boundary between two counties, and it cannot be readily determined in which county the crime was committed, the defendant may be tried in any county sharing the common boundary. Indiana Code § 35–32–2–1(h) (1998). The State must prove venue by a preponderance of the evidence at trial, but a defendant may also challenge venue in a pretrial motion. *Wurster*, 715 N.E.2d at 348.

▮▮▮▮ Weiss filed a pretrial motion to transfer venue from Morgan to Monroe County. After a hearing on the motion, the trial court found that it could not readily determine whether the alleged crimes occurred in Morgan or Monroe County; therefore, venue was proper in Morgan County pursuant to Indiana Code § 35–32–2–1(h).[1] The trial court heard testimony from several witnesses at the hearing. The State presented evidence from Detective Betts and T.G. that Weiss stopped his car on Rosenbaum Hill in Morgan County, which is approximately 1.1 miles from the Morgan–Monroe County line in Morgan County. The testimony of Pitman and Myers supports T.G.'s identification of Rosenbaum Hill as the place Weiss stopped his car.

In contrast, Weiss testified without equivocation that he stopped his car in the Forest at the head of Low Gap Trail, which is approximately 2.3 miles from the Morgan–Monroe County line in Monroe County. Weiss further testified that he and T.G. only walked about fifteen to twenty yards away from the car down Low Gap Trail. Despite the conflicting evidence presented by the State, Weiss contends that his testimony proves by a preponderance of the evidence that the alleged crimes, if they occurred at all, occurred exclusively in Monroe County. Thus, he argues that the trial court should have granted his motion to transfer venue to Monroe County.

▮▮▮▮ This Court reviews sufficiency of the evidence claims regarding venue in the same manner as any other sufficiency claim. *Morris v. State*, 274 Ind. 161, 164, 409 N.E.2d 608, 610 (1980). We neither reweigh evidence nor reassess the credibility of witnesses. *Id.* We look to the evidence supporting the trial court's determination and the reasonable inferences to be drawn therefrom. *Id.* The trial court's determination will be upheld if there is evidence of probative value from which a reasonable trier of fact could conclude that the defendant was tried in the proper venue. *Id.* Circumstantial evidence may be sufficient to establish proper venue. *Wurster*, 715 N.E.2d at 348.

The State's evidence supports a finding that Weiss stopped his vehicle on Rosen-

---

**1.** The trial court also found that Indiana Code § 35–32–2–1(d) applied. Because we conclude that venue in Morgan County was proper under section 1(h), we need not reach the trial court's finding under section 1(d).

baum Hill in Morgan County. However, T.G.'s testimony does not reveal how far from the car, for how long, and in which direction Weiss and T.G. walked through the Forest away from the car before the alleged crimes occurred. We are not surprised at this lack of clarity given the extent and nature of T.G.'s injuries, and the fact that she had never been in the Forest before the night of the incident with Weiss.

■ It was for the trial court, as factfinder, to weigh the conflicting evidence and determine the relative credibility of the witnesses. In determining that it was not readily ascertainable whether the crimes occurred in Morgan or Monroe County, the trial court weighed Weiss's confident testimony and apparently discredited it. We will not substitute our judgment for that of the factfinder regarding witness credibility. *Morris*, 274 Ind. at 164, 409 N.E.2d at 610.

■ As our supreme court recently stated, "[a]lthough the right to be tried in the county in which the offense occurred is grounded in the Indiana Constitution, the constitution does not contemplate exonerating criminals simply because the nature of the crime itself makes venue unknowable." *Cutter v. State*, 725 N.E.2d 401, 409 (Ind.2000). Because it could not be readily ascertained whether Weiss's alleged crimes occurred in Morgan or Monroe County, venue is proper in either county. The trial court did not err in denying Weiss's motion to transfer venue.

Affirmed.

FRIEDLANDER, J., and NAJAM, J., concur.