Harry BAUGH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–0202–CR–167.

Court of Appeals of Indiana.

Oct. 28, 2002.

Publication Ordered Dec. 19, 2002.

Annette Fancher Bishop, Carmel, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Harry Baugh appeals his conviction for Operating a Vehicle While Intoxicated,[1] a class D felony, challenging the constitutionality of Indiana Code section 35–32–2–1(i) (venue statute) as applied to him. Specifically, Baugh argues that the trial court deprived him of his constitutional right to be tried in the county where the offense occurred. Concluding that the trial court erred in denying Baugh's motion for judgment on the evidence, we reverse.

### FACTS

The facts most favorable to the judgment are that on January 31, 2001, sixty-eight-year-old Harry Baugh was driving a coworker home from the bar where they both worked. Baugh was driving eastbound on 96th Street, the road separating Hamilton and Marion Counties, in the southernmost of four lanes. Officer Derek Shelley of the Carmel Police Department noticed Baugh's vehicle and estimated that Baugh was driving at twice the posted speed limit of thirty miles per hour. Officer Shelley followed Baugh's vehicle and used his radar to ascertain Baugh's speed, which was sixty-three miles per hour. Officer Shelley also observed that Baugh's vehicle was weaving in and out of its lane of travel. After Baugh's vehicle crossed the right shoulder of the eastbound lane, Officer Shelley activated his emergency lights and stopped Baugh's automobile.

Officer Shelley approached the vehicle, spoke to Baugh, and detected alcohol on his breath. Baugh told Officer Shelley that he had drunk four or five beers that evening after work. Baugh also stated that he was driving his passenger home because the passenger was more intoxicated than he was. Officer Shelley conducted roadside sobriety tests, which Baugh failed. Officer Shelley asked Baugh to accompany him to the Carmel Police Department to take a chemical test and Baugh agreed. Officer Shelley administered the chemical test using a DataMaster instrument, and the results showed that Baugh had .10 gram of alcohol per 210 liters of breath, which was above the legal limit.

The State charged Baugh with three offenses, including Operating a Vehicle with a Specified Amount of Alcohol (Count I), Operating While Intoxicated (Count II), and Operating While Intoxicated as a D Felony because Baugh had a previous conviction for Operating While Intoxicated within five years of the instant offense (Count III). A bench trial commenced on October 4, 2001. At the close of the

---

1. Ind.Code § 9–30–5–3.

State's evidence, Baugh moved for judgment on the evidence, alleging that the State failed to prove by a preponderance of the evidence that venue properly lay in Hamilton County and that a trial in Hamilton County violated his constitutional right to be tried in the county where the offense occurred. According to Baugh, all the events that led to his arrest occurred in Marion County. A witness from the Hamilton County Surveyor's Office testified that the lanes used by Baugh on 96th Street were wholly within Marion County. The State countered that the venue statute applied in this case, allowing venue to lie in either Marion or Hamilton County. The trial court found that even though "it does appear that the offense actually did occur in Marion County," the venue statute allowed venue to lie in either county. Tr. p. 110. The trial court found Baugh guilty of all charges but merged Counts I and II into Count III. Baugh was then sentenced to 1095 days in the Department of Corrections with all but 180 days suspended. He now appeals.

### DISCUSSION AND DECISION

Baugh argues that Indiana Code section 35–32–2–1(i) is unconstitutional as applied to him because it conflicts with his right to be tried in the county where his offense occurred, as required by Article 1, Section 13(a) of the Indiana Constitution.[2] Specifically, Baugh argues that the State was required to prove by a preponderance of the evidence that venue resided in Hamilton County. Appellant's Br. p. 8 (citing *Williams v. State*, 634 N.E.2d 849, 852 (Ind.Ct.App.1994)). Baugh contends that

the State failed to carry its burden because all the evidence presented at trial showed that his acts took place solely in Marion County, and, therefore, his motion for judgment on the evidence should have been granted. Furthermore, Baugh argues that invoking the venue statute to find venue in Hamilton County violates his right to be tried in the county where his offense was committed.

In addressing Baugh's claim, we first set forth the provisions of our venue statute:

> If an offense is committed on a public highway (as defined in IC 9–25–2–4) that runs on and along a common boundary shared by two (2) or more counties, the trial may be held in any county sharing the common boundary.

I.C. § 35–32–2–1(i).

This provision was enacted after our court's holding in *Navaretta v. State*, 699 N.E.2d 1207 (Ind.Ct.App.1998), a case involving a different statute but with strikingly similar facts.

In *Navaretta*, the defendant was driving eastbound on 96th Street, then only a two-lane road. A police officer, upon seeing that Navaretta's taillights were not functioning, followed him. After a short pursuit, Navaretta's car crashed. He was arrested for driving while intoxicated and possession of narcotics.

Before trial, Navaretta sought a transfer of venue to Marion County, alleging that since he was in the eastbound lane of 96th Street, his offenses all occurred within Marion County. The State countered that Indiana Code section 35–32–2–1(h) allowed venue to reside in Hamilton County.[3] At a

---

**2.** Article 1, Section 13(a) reads as follows: "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, *in the county in which the offense shall have been committed;* to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the

witnesses face to face, and to have compulsory process for obtaining witnesses in his favor." (emphasis added).

**3.** Indiana Code section 35–32–2–1(h) reads as follows: "If an offense is committed at a place which is on or near a common boundary which is shared by two (2) or more coun-

hearing to consider Navaretta's motion, a Hamilton County surveyor testified that it was not possible to ascertain whether Navaretta ever crossed into Hamilton County because there was a margin of error of two feet on either side of the county line. *Id.* at 1209. The trial court denied Navaretta's motion. He was tried and found guilty. On appeal, this court reversed Navaretta's conviction because no conclusive evidence that Navaretta's acts occurred in Hamilton County was produced. *Id.* Our supreme court, however, granted transfer and affirmed the trial court because "substantial evidence was presented to establish that *it cannot be readily determined* in which county the offense was committed." *Navaretta v. State*, 726 N.E.2d 787, 789 (Ind.2000) (emphasis added). The surveyor's testimony that it was impossible to determine whether Navaretta may have at some point been in Hamilton County while on 96th Street was sufficient to allow the use of Indiana Code section 35–32–2–1(h). *Id.*

■ We note that our supreme court's holding in *Navaretta* applies to the venue statute at issue in this case just as much as to Indiana Code section 35–32–2–1(h). When evidence is inconclusive as to which county has venue, the venue statute may apply. *Id.* However, in this case, uncontroverted evidence showed that Baugh's offenses occurred wholly in Marion County. At the time of Baugh's offenses, 96th Street was a four-lane road. A witness from the Hamilton County Surveyor's Office testified that the two eastbound lanes of 96th Street are fully in Marion County. Tr. p. 77. According to Officer Shelley's testimony, Baugh never left the eastbound lanes and never even fully crossed into the northern eastbound lane. Tr. p. 33. Officer Shelley testified that Baugh's vehicle "started to cross into the left-hand lane of eastbound traffic and then it ·would go back into its own lane without fully making a lane change. And [it] also crossed over the white fog line several times, which is on the right-hand side to the shoulder of the road." Tr. p. 33. Thus, all evidence adduced at trial showed that Baugh was at all times within Marion County.

■ The State urges that in the case of criminal prosecutions, one can consider a highway that forms a common boundary between two counties to be simultaneously within both counties. Appellee's Br. p. 4. Thus, the State argues, venue is in both counties sharing the common boundary. This legal fiction, however, could not have been intended by the legislature to apply in situations like Baugh's case, where unchallenged evidence points to the correct venue. Such an interpretation would violate a defendant's right to be tried in the county where the crime occurred. The key holding of our supreme court in *Navaretta* was that when "it cannot be readily determined in which county the offense was committed," venue statutes may apply. *Navaretta*, 726 N.E.2d at 789. Conversely, when it can be readily determined that an offense was committed solely within a certain county, venue is properly in the county where the offense occurred.

In this case, application of the venue statute necessarily conflicts with Baugh's right to be tried in the county where his offense occurred. When all evidence points to the fact that an offense was committed within a certain county, a venue statute must yield to our state constitution. *Id.* In this case, all evidence pointed to Marion County as the correct venue. Thus, the State failed to prove that venue properly resided in Hamilton County, and the trial court erred by failing to grant

ties and it cannot be readily determined where the offense was committed, then the

trial may be had in any county sharing the common boundary."

Baugh's motion for judgment on the evidence at the end of the State's case-in-chief.

Judgment reversed.

VAIDIK and BARNES, JJ., concur.

*ORDER*

This Court heretofore handed down its opinion in this appeal on October 28, 2002, marked Memorandum Decision, Not for Publication;

Comes now the Appellant, by counsel, and files herein Motion for Publication, alleging therein that the opinion held that a venue statute recently adopted by the Indiana Legislature, I.C. 35-32-2-1(i) was unconstitutional as applied to the Appellant herein; that there is no published opinion addressing this newly enacted statutory provision and that publication of the opinion would avoid duplicitous appeals on the issue presented in this case.

The Court having examined said Motion, having reviewed its opinion in this appeal and being duly advised, now finds that said Motion should be granted and that this Court's opinion heretofore handed down on October 28, 2002, marked Memorandum Decision, Not for Publication, should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Appellant's Motion for Publication is granted and this Court's opinion heretofore handed down in this cause on October 28, 2002, marked Memorandum Decision, Not for Publication is now ordered published.